Herbert L. Kerr and Robert W. Brown, Lebanon, for plaintiff in error.

Howard L. Ivins, Lebanon, for defendant in error.

## HIZAR v COWAN

Ohio Appeals, 1st Dist, Warren Co

No 176. Decided June 10, 1935

440

**OPINION**

By MATTHEWS, J.

An examination of McGowan v Rishel, supra, discloses that it did not involve two actions for the same cause. Only one action had been filed. In that action two defendants had been joined, McGowan being one of them. His demurrer on the ground of misjoinder of parties defendant was sustained on October 5th, 1928, and in the entry sustaining it, it was "further ordered, adjudged, and decreed that the defendant, Lawrence McGowan, be, and he is hereby, dismissed from the case and that he go hence with his costs." Thereafter, on May 31st, 1930, and while said entry was in full force and effect, an amended petition upon the same cause in the same action was filed against McGowan. Summons was served upon him. He filed a motion to quash service of this summons. The court sustained the motion. It was that action of the court that was under review.

It is clear from this recital that the statute of limitations had run against the cause of action unless the action could be considered as having remained pending as against McGowan notwithstanding the entry of October 5th, 1928, dismissing him from the case. No comparable situation exists in the case at bar. While there are expressions in the opinion in that case which sustain the contention that such a dismissal would preclude a subsequent separate action they were unnecessary to the decision. The syllabus clearly states and limits the decision. It is:

"A dismissal of one of two joint defendants, upon demurrer on the special ground of misjoinder of parties defendant, is a final order, and unless error is prosecuted from that order within the statutory period within which error proceedings can be begun, becomes a finality, and an amended petition filed in the same cause praying judgment against said defendant, upon the same allegations contained in the original petition, is properly stricken from the files."

Passing the procedural question of whether a motion to strike the petition from the files is the proper method of raising the question, the substantial issue is whether a dismissal of a defendant because of misjoinder of parties or causes, or both, is a bar to a subsequent action against him.

The question is not whether it is a final order from which error could be prosecuted. It seems clear that it is. It either is a final judgment in that case in favor of the dismissed defendant, or it prevents a final judgment. In either event it would serve as the predicate for error proceedings. If the averments of the motion would not be good as a plea of res adjudicata in an answer, we can conceive of no theory sustaining their validity when incorporated in a motion to quash the service of summons. That brings us to the consideration of the subject of res adjudicata.

An examination of the authorities discloses complete unanimity on this subject. If the disposition of the case was upon the merits, it is a bar to any future judicial inquiry. If the case was not disposed of on the merits of the dispute, it is not a bar to an action raising the same ultimate issues. And dismissing an action, or one of the parties therefrom, on the ground of a misjoinder of parties or causes is not on the merits. There has been under such circumstances, neither a trial nor an opportunity for trial, upon the merits.

The rule is well stated in Freeman on Judgments (5th Ed.) Vol. 2, §738, at page 1557:

"A judgment given because of misjoinder or nonjoinder of parties plaintiff or defendant, or because of the want of capacity of a party plaintiff or defendant to sue or be sued, establishes nothing but such defect or incapacity, and cannot defeat a subsequent suit in which the vice causing the former judgment does not exist."

The general rule on the subject is stated by Black on Judgments, in §693, as follows:

"The general rule is, that a former judgment will not operate as a bar to a subsequent suit upon the same cause of action unless the proceedings and judgments in the first case involved an investigation (or afforded full legal opportunity for an investigation) and determination of the merits of the suit. Or, as otherwise expressed, a judgment must be on the merits in a competent action, the plaintiff having sued in his proper character, and the pleadings having been corrected. 'If the first suit was dismissed for defect of pleadings, or the want of jurisdiction or was disposed of on any grounds which do not go to the merits of the action, the judgment rendered will prove no bar to another suit'."

And, in §719.

"A verdict and judgment for the defendant, or an order dismissing the suit, rendered solely on the grounds of a misjoinder, non-joinder, or defect of parties, or because the plaintiff is not the proper party to sue, can have no greater effect than to terminate the particular action; it does not affect the merits and will not bar a subsequent suit on the same cause."

To the same effect are 23 **O. Jur.**, 1003 and 1006; 39 **C. J.**, 793; **Railway Co. v Bemis**, 64 **Oh St**, 26 at 32; House v Mullens, 23 Wall. (U.S.) 42 at 46. It would be easy to cumulate corroborative authorities. §11233, GC, permitting a new action to be begun within one year notwithstanding the lapse of time when the plaintiff fails in the first action "otherwise than upon the merits" is a recognition of the inconclusiveness of a judgment not rendered on the merits.

By §11312, GC, it is provided that, upon a demurrer on the ground of misjoinder of causes of action being sustained, on motion of the plaintiff he may be allowed to file separate petitions and have them docketed separately without further notice. This is clearly permissive. It is a recognition that the ruling on the demurrer has not touched the merits. The fact that the plaintiff chooses to pay the costs in the first action and file an entirely new action and have summons thereon served doesn't make that a decision upon the merits which was not otherwise such. There is no similar statute applicable to the situation created by sustaining a demurrer on the ground of misjoinder of defendants. It is suggested in the opinion in McGowan v Rishel, supra, that §11312, GC, might be applied by

analogy, but, if so, it could have no more conclusive effect.

It is urged that because no bill of exceptions was filed the court cannot pass on the questions argued. The journal entry does not recite that any evidence was introduced. The motion was disposed of by the trial court as though its legal sufficiency had been denied. The plaintiff admitted the facts. Evidence could have done no more. The motion under the circumstances raised a question of law only in the trial court. That is all that is involved here. No bill of exceptions was necessary to raise that question.

For these reasons the judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, PJ, and HAMILTON, J, concur.