IN RE ESTATE OF SARVER: CONRAD, APPELLANT, *v.* SARVER, APPELLEE.

(No. 5028—Decided March 2, 1954.)

*Messrs. Rowe, Dunkle & Davis,* for appellant.
*Messrs. McFadyen & Swisher,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Probate Court, dismissing the second amended petition of plaintiff after the sustaining of a demurrer thereto, plaintiff electing not to plead further. There are two grounds for the demurrer, first, that the second amended petition does not state a cause of action, and, second, that several causes of action are improperly joined.

The court sustained the demurrer on both grounds. In the second amended petition, the plaintiff avers that the final account of the executrix of decedent's estate was approved and confirmed on October 2, 1950, and that she was the owner and holder of notes payable to her and signed by decedent in his lifetime under dates of November 20, 1937, for $5,000, November 9, 1938, for $1,500, April 22, 1939, for $1,500, and November 22, 1939, for $1,500, all past due and unpaid at the time of the death of Sarver. Plaintiff alleges also:

"That in the spring of 1937, she had a nervous breakdown which the deceased knew about at all times hereinafter set forth; that from then on and for years thereafter this applicant was unable, either mentally or physically, to handle her affairs which deceased knew about; that the deceased, knowing of her condition persuaded and induced this applicant to loan him the sums as appearing in the notes above described."

She alleges further:

"That because of her condition she was unable to protect her interest in the within estate and that her inability continued during the time said estate was being administered and so continued until approximately six months prior to the filing of the original petition herein."

She alleges further that the executrix did not make disclosure to the court of the obligations owing by the deceased at the time of his death, of which the executrix knew before she made final distribution of the assets of the estate and before she filed her final account, and that her conduct was a fraud upon the court and an irregularity on her part in obtaining a final judgment approving her final account.

Plaintiff prays that the final order of the court approving and confirming the final account of the executrix be reopened, that the executrix be ordered either to recognize and allow the claim of plaintiff as presented to her, or in the alternative to disallow the claim and to notify plaintiff of such disallowance in writing and her reason for so doing and for all other relief to which plaintiff is entitled, either in law or in equity, in the premises.

We give particular attention to the first branch of the demurrer, which questions the sufficiency of the allegations of the second amended petition to state a cause of action. A sustaining of the second ground of the demurrer would not affect the merits of the cause. *Hizar, an Infant,* v. *Cowan,* 51 Ohio App., 1, 199 N. E., 196.

The briefs of the parties take a wide range and discuss many aspects of the case. Numerous cases are cited by counsel for plaintiff, particularly affecting Sections 10509-118 and 10506-40, General Code, which cases were decided before the present sections were enacted. The last amendment to Section 10506-40, General Code, was effective September 29, 1945, and the last amendment to Section 10509-118, General Code, became effective August 22, 1941.

The claim of the plaintiff is that she was under legal disability at all times from a period prior to the execution of the notes which she claimed were unpaid until

about six months prior to the filing of her petition; that decedent, with knowledge of her incapacity, prevailed upon her to loan the money for which the notes were given; that this act was at all times known to the executrix; that at all times up to and including the date when her final account was approved and settled, defendant-executrix had knowledge of the existence of the indebtedness to plaintiff; that, notwithstanding, she closed her account and distributed the assets of the estate; and that this conduct on the part of the defendant, as executrix, constituted fraud.

There is some difference between counsel for the parties as to whether the equitable jurisdiction of the Probate Court is broad enough to accord any relief to the plaintiff, if her second amended petition states a cause of action. It is recognized that the equitable jurisdiction of the Probate Court is to dispose of any matter properly before the court, unless the power is otherwise limited or denied by statute. Section 10501-53, General Code. We are satisfied that if the petition states a cause of action the Probate Court had sufficient equitable jurisdiction to grant part, if not all, of the relief sought.

The basis for the vacation of the order settling the final account of the executrix is found in Section 10506-40, General Code, which, in part, provides:

"The order of the court upon the settlement of an account shall have the force and effect of a judgment. Such order may be vacated only as follows:

"(a) Such order may be vacated for fraud, upon motion of any person affected thereby * * * if such motion is filed * * * within one year after discovery of the existence of the fraud. Any person who is subject to any legal disability may file such motion at any time within one year after the removal of such disability

* * * or his guardian or a successor guardian may do so during the period of such disability.''

Two questions are immediately projected by the application of this section to the facts pleaded:

(1) Was the plaintiff under legal disability?

(2) Do the facts pleaded constitute fraud?

Legal disability is defined as follows in Section 10512-2, General Code:

''The term 'legal disability' as used in this act shall include the following: (a) persons under the age of twenty-one years; (b) persons of unsound mind; (c) persons in captivity; (d) persons under guardianship of the person and estate or either.''

Manifestly, the test here is whether the second amended petition charges that the plaintiff, during the material period involved, was a person of unsound mind. The specific language of her petition is that ''this applicant was unable, either mentally or physically, to handle her affairs.''

We held as follows in the case of *In re Estate of Price,* 87 Ohio App., 23, 93 N. E. (2d), 769, in the first paragraph of the syllabus:

''The term 'legal disability,' as used in Section 10509-134, General Code, is defined in Section 10512-2, General Code, and applies to 'persons of unsound mind.' The words, 'of unsound mind,' under the provisions of Section 10213, General Code, include every species of mental deficiency or derangement.''

Judge Wiseman in writing the opinion in that case relied upon *Lowe, Gdn.,* v. *Union Trust Co.,* 124 Ohio St., 302, 178 N. E., 255, wherein the court construed the phrase, ''of unsound mind,'' as found in Section 10213, General Code. The court in *In re Estate of Price* said:

''* * * that the term, 'of unsound mind,' used in

Section 12270, General Code, has a broader and more inclusive meaning than the word, 'insane.' * * * it was proper to consider whether the litigant 'was suffering from some species of mental deficiency or derangement so as to be unable to look into her affairs, properly consult with counsel, prepare and present her case, and assert and protect her rights in a court of justice.' ''

It is the contention of plaintiff that the executrix, knowing of the legal disability of the plaintiff and that she had claims against the estate due and unpaid, committed a fraud upon plaintiff and upon the court in failing to inform the court of the claims and in filing her final account and causing it to be settled and allowed.

The sole statutory obligation of an executor relating to the listing of debts against the estate which he is administering is found in Section 10509-118, General Code, which enjoins upon the fiduciary the obligation, within the time therein fixed, to verify and return to the Probate Court a schedule of claims against the estate he represents *which have been then presented to him.* This section of the Code was effective on September 22, 1941, and differs from the former section of the same number, in that, in the earlier section the executor was required to list in the schedule of debts, *"all known claims, debts and liabilities* against the estate, including any *which may be known to the executor or administrator but not presented."* (Emphasis ours.)

It thus appears clearly that the executrix was under no legal obligation to list plaintiff's claim in the schedule of debts. The facts of which defendant-executrix had knowledge are alleged in the petition and her failure to divulge them to the court did not constitute fraud as contemplated by the controlling statute. As she was under no legal obligation what-

ever to list this claim, a failure to do so was not fraud. Nondisclosure, in order to constitute fraud, must be of facts which the one who is charged with fraud is under an obligation to disclose. *Hadley* v. *Clinton County Importing Co.*, 13 Ohio St., 502, 82 Am. Dec., 454.

The general rule is stated in 37 Corpus Juris Secundum, 244:

"Where the particular circumstances impose on a person a duty to speak and he deliberately remains silent, his silence is equivalent to a false representation."

. Here, there was no duty enjoined upon the defendant to speak.

The cases cited by plaintiff wherein fraud has been found or where it was determined that it had been alleged are not analogous to the situation here presented. In *Duhme, Admr.,* v. *Mehner, Admr.*, 10 C. C., 107, 6 C. D., 126, there was an allegation of overt fraud to which the defendant was a party, practiced upon a daughter of defendant who was an heir of decedent and toward whom the administratrix owed a duty and sustained a confidential relationship. The averment was that a scheme had been effectuated resulting in the denial to plaintiffs of their distributive share of decedent's estate. In *Carpenter* v. *Dick,* 41 Ohio St., 295, wherein was tested the right of a creditor of an assignor to force collection of a dividend on a claim, which claim had not been presented until 10 months succeeding the appointment of the assignee, no nonclaim statute was involved. The other cases cited relate to powers of courts of general equity jurisdiction, whose judgments were not controlled by specific statutory provisions defining and limiting the duties of the persons whom it is alleged had committed the fraudulent acts. *Ormsby, Jr.,* v. *Longworth,* 11 Ohio St., 653; *Darst* v. *Phillips,* 41 Ohio St., 514; *Seeds* v.

*Seeds,* 116 Ohio St., 144, 156 N. E., 193, 52 A. L. R., 761.

This, then, brings us to consideration of the next question, namely, the right of the plaintiff to have her claim presented to the executrix, if the final account was reopened; it appearing that she was under legal disability at all times from the appointment of the executrix until her discharge and until six months prior to the filing of plaintiff's petition.

Section 10509-112, General Code, effective August 22, 1941, provides, among other things:

"All claims shall be presented within four months after the date of the appointment of the executor or administrator."

This is a statute of limitation or nonclaim statute. *Beach, Recr.,* v. *Mizner, Exr.,* 131 Ohio St., 481, 3 N. E. (2d), 417.

The exceptions to the application of the foregoing section are found in Section 10509-134, General Code, which, so far as applicable, provides:

"A claimant who has failed to present his claim to the executor * * * within the time prescribed by law may file a petition in the Probate Court for authority to present his claim after the expiration of such time. Such petition forthwith shall be assigned for hearing, and at least five days before the date of the hearing, the claimant shall give written notice thereof to the executor * * * and to such other parties, if any, as the court may designate. If upon hearing the court finds * * * (c) that the claimant was subject to any legal disability during such period or any part thereof, then the court may authorize such claimant to present his claim to the executor * * * after the expiration of such period; provided, however, that a claim which is not presented within nine months from the appointment of the executor * * * shall be forever barred as

to all parties * * * and no payment shall be made nor any action maintained thereon, except as otherwise provided in this chapter with reference to contingent claims.''

By the proviso in this section, the plaintiff is met with the insuperable obstacle of the requirement that she present her claim within nine months from the appointment of the executor or administrator or be forever barred. In *Breen, Admx.,* v. *Conn et al., Exrs.,* 64 Ohio App., 325, 28 N. E. (2d), 684, the court held that a suit brought by a minor on a claim against an administrator could not be maintained without the allegation of a presentation of her claim. It appeared there that even an infant who is specifically defined as being under legal disability by Section 10512-2, General Code, was not relieved from the positive requirement of Section 10509-112, General Code, as to the time for filing of claims. The court cited *Beach, Recr.,* v. *Mizner, Exr., supra,* for the proposition that where one is required to do an act as a prerequisite to accrual of a cause of action, all persons, whether under disability or not, are bound thereby unless excepted from the operation of the statute by a saving clause.

Our attention has been drawn to the fact that the plaintiff does not seek an order granting authority to present a claim but prays that the executrix be required to consider and either allow or disallow the claim.

We must pass upon the averments of the petition in the most favorable light to the pleader and, if the facts pleaded justify an order of the court granting leave to present a claim to the administrator, such relief could be granted even though not specifically prayed for.

We are satisfied that, notwithstanding the harshness which apparently attends the judgment under re-

view, there is no cause of action stated by the plaintiff in her second amended petition and that the first ground of the demurrer was properly sustained. This is sufficient to require an affirmance of the judgment.

The second ground of the demurrer would only have application if the petition stated a good cause of action. No cause of action being stated, either as to the right to have the final account of the executrix opened, or, if done, to present her claim, or to have it allowed or disallowed, there can be no misjoinder of causes of action. The second ground of the demurrer is immaterial and need not be considered.

*Judgment affirmed.*

Wiseman, P. J., Miller and Hornbeck, JJ., concur.