In re Estate of Sowards: The State of Ohio, Appellant, *v.* Knowlton, Admr., Appellee.

(No. 1380—Decided October 9, 1957.)

*Mr. William Saxbe,* attorney general, *Mr. Howard F. Wilson* and *Mr. Brown W. Pettit,* for appellant.
*Mr. Paul E. Kightlinger,* for appellee.

Griffith, J. There are no issues of fact in this case.

Thomas Sowards, a resident of Warren, was committed to the Massillon State Hospital on March 31, 1948, and was later transferred to Mt. Vernon State Hospital, where he remained until his death on June 23, 1954.

On August 17, 1954, Robert B. Knowlton was appointed administrator of his estate by the Probate Court of Trumbull County. The estate was appraised and it disclosed a total inventory of $8,772.11. On December 30, 1954, the administrator filed a schedule of debts which included all claims presented to him up to that time. No claim had been presented by the de-

partment. Four months had elapsed. No guardian had ever been appointed for this mentally ill patient. At his death he left no widow, parent or child. On February 4, 1955, the administrator filed with the Probate Court his first and final account and at the same time issued distribution checks to the next of kin.

The administrator did not make use of Section 2109.36, Revised Code, in making distribution, and thereby protect himself. He filed his first and final account as provided by Section 2109.35, Revised Code.

On February 14, 1955, the department of support notified counsel for the administrator that the department had a claim against the estate in the amount of $3,989.12.

On April 22, 1955, the department filed exceptions to the final account.

On September 26, 1956, the Probate Court found that the state of Ohio had custody of the decedent at the time of his death, had actual notice of his death and the county of his legal residence; that prior to the administrator's notice of exceptor's claim the assets of the estate had been distributed, and the administrator is without funds to discharge the claim; that as a matter of law Sections 2117.06 and 2117.07, Revised Code, are statutes of limitation which bar creditor's claims unless presented within four months; and that the requirements of these statutes are mandatory on all creditors and may not be waived by the administrator; and dismissed the exceptions to the final account and approved the account.

It is from this order and judgment rendered by the Probate Court that the department appealed on questions of law.

The question before us is this: Is Robert B. Knowlton, the administrator of the estate of Thomas Sowards a deceased patient of a state hospital, under a mandatory duty to ascertain whether Thomas Sowards was supported by the state while a patient, and thereafter under a mandatory duty to pay for any amount which may be due for his support regardless of presentation of the claim by the bureau of support?

The answer to this question resolves itself into an interpretation of two separate conflicting statutes of the Code.

One of these is Section 2117.06, Revised Code, which pre-

scribes the procedure for filing claims against the estate of a deceased. The other is Section 5121.10, Revised Code, which is a part of the "pay patient law" dealing with the liability for support of patients in state hospitals.

The pertinent portions of Section 2117.06, Revised Code, read:

"All creditors having claims against an estate shall present their claims to the executor or administrator in writing * * *. All claims shall be presented within four months after the date of the appointment of the executor or administrator. * * *"

It is a well settled rule of law that statutes of limitations do not run against the state.

*Hartman v. Hunter, Treas.*, 56 Ohio St., 175, 46 N. E., 577; *Wasteney v. Schott, Treas.*, 58 Ohio St., 410, 51 N. E., 34; and *State v. Security Central National Bank of Portsmouth, Admr.*, 100 Ohio App., 425, 137 N. E. (2d), 158.

Since the bureau of support is a governmental agency within the Department of Mental Hygiene and Correction, it is in effect the state and cannot be barred by a statute of limitations.

Sections 2117.06 and 2117.07 of the Revised Code, have been held to be statutes of limitation barring creditors claims. *Beach, Recr., v. Mizner, Exr.*, 131 Ohio St., 481, 3 N. E. (2d), 417; *Prudential Ins. Co. v. Joyce Bldg. Realty Co.*, 143 Ohio St., 564, 56 N. E. (2d), 168; *State, ex rel. Fulton, Supt., v. Coburn.* 133 Ohio St., 192, 12 N. E. (2d), 471; and *In re Estate of Sarver*, 97 Ohio App., 199, 124 N. E. (2d), 749. But in these cases the state of Ohio was not a party.

In *State, ex rel. Parrott, v. Board of Public Works*, 36 Ohio St., 409, the court stated:

"* * * that a sovereign state, which can make and unmake laws, in prescribing general laws intends thereby to regulate the conduct of subjects only, and not its own conduct."

Section 5121.10, Revised Code, is a special statute limiting the general statute, Section 2117.06. The important part of Section 5121.10 reads:

"Upon the death of a person who is an inmate, or has been an inmate, of any benevolent institution under the jurisdiction

of the Department of Mental Hygiene and Correction and who is possessed of property, the executor or administrator shall ascertain from the department whether the deceased person was supported while an inmate * * *.''

True, Section 2117.06, Revised Code, reads ''all creditors having claims,'' but we conclude that the word, ''all,''. in the statute does not include the division of aid of the state of Ohio.

The language of Section 5121.10, Revised Code, is mandatory in character, and shall be a preferred claim against the estate of the deceased upon the death of the person. It is a preferred claim upon *death*. The effect of this statute is to dispense with presentation under Section 2117.06, Revised Code, and since presentation is not required this statute cannot bar the claim of the division of aid.

The Legislature clearly placed the responsibility of ascertaining whether or not the state's claim had been paid on the administrator rather than upon the state of Ohio.

The administrator in this case had knowledge of the above recited facts at the time of his appointment and throughout his administration, and it was his mandatory duty to determine from the state the existence, if any, of a claim against the estate by the bureau of support.

Section 5121.10, Revised Code, is a special statute applicable to this administrator and limits the requirements of the general statute—Section 2117.06, Revised Code.

Since the administrator failed to comply with the provisions of Section 5121.10, Revised Code, the judgment of the Probate Court is reversed and final judgment allowing the exceptions to the account and ordering payment of the claim of the state of Ohio is rendered.

*Judgment reversed.*

NICHOLS, P. J., and PHILLIPS, J., concur.