## KIMBERLIN v STOLEY

Ohio Appeals, 9th Dist, Summit Co

No 2379.   Decided Oct 26, 1934

James Olds, Akron, for plaintiff in error.

Schwab & Peters, Akron, for defendant in error.

## OPINION

By STEVENS, J.

The sole question here presented is whether the result of the first trial, in which plaintiff failed in his cause of action, was a failure by plaintiff otherwise than upon the merits, so as to bring the instant case within the saving provisions of §11233, GC, which provides that—

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives, may commence a new action within one year after such date, and this provision applies to any claim asserted in any pleading by a defendant. * * *"

"* * * a failure in the action, by the plaintiff, otherwise than upon the merits, imports some action by the court, by which the plaintiff is defeated without a trial upon the merits."

Siegfried v Railroad Co., 50 Oh St 294, at 296.

What is meant by the phrase "upon the merits"?

" 'Merits' implies a consideration of substance, not of form; of legal rights, not of mere defects of procedure or the technicalities thereof."

People ex v Lyman, 53 App. Div. (N. Y.) 470, at p. 473.

The merits of the initial suit involved a consideration of the issues created by the pleadings with reference to plaintiff's right to recover, from the defendant, for the damage to Sirilo's automobile. Those issues have never been passed upon by a jury nor a court, the decision in the original case being solely that the records of the federal court did not show plaintiff to have been the record owner of the claim sued upon, at the time of trial.

Giving full verity to the allegations of the petition in this case, and indulging all reasonable inferences favorable to the plaintiff, our conclusion is that the failure of the plaintiff in the initial case was upon a ground other than upon the merits, and that the court erred in the instant case in sustaining defendant's motion to dismiss plaintiff's petition, when that petition had

142

been filed within the time limited by the saving statute, §11233, GC.

It is further claimed by defendant that, this plaintiff not having been a proper party to the original action by reason of not being the record owner of the claim sued upon, no action was properly brought within the two-year period of limitation, and hence the saving effect of §11233, GC, has no application.

It will be observed that the original action brought by Sirilo was filed well within the two-year period of limitation, and the substitution of this plaintiff for Sirilo, as party plaintiff in the original action, was also accomplished well within the period of limitation.

That substitution was apparently effected through the representation that this plaintiff was the assignee of the claim sued upon. He was doubtless the equitable, if not the legal, owner of said claim at the time the first action came on for trial. Even if said substitution of parties plaintiff had not been made, the court, under §11261, GC, could have permitted the action to continue to its conclusion in the name of the original plaintiff without any substitution of parties plaintiff, in which event, had the case been disposed of by the court upon some basis other than upon the merits, it would not be urged that the saving clause had no application.

May we now say, because there was a substitution of parties plaintiff permitted by the trial court, which was later held by that court to be an improper substitution, that this plaintiff should be barred of his right to maintain his action against this defendant, when the original action was brought within the statutory period, disposed of upon a ground other than upon the merits, and his subsequent action brought within the time limited by the saving statute?

We think not.

We hold that, where a person who is the equitable owner of a claim, but who does not have the legal title thereto, brings an action upon said claim, and the trial court, whether correctly or not, determines that plaintiff cannot maintain his action without being the owner of the legal title to said claim, and for that reason alone directs a verdict against the plaintiff, such proceedings do not constitute a trial upon the merits, so as to preclude plaintiff from availing himself of the saving provisions of §11233 GC.

The doctrine announced in **Wintermute v Montgomery, 11 Oh St 442, at pp. 447 and**

448, we believe to be decisive of the question here presented.

Judgment reversed and cause remanded.

WASHBURN, PJ, and FUNK, J, concur in judgment.