JACOBS, APPELLANT, *v.* HAGGERTY, APPELLEE.

(No. 4698—Decided March 9, 1953.)

*Mr. Stephen A. Mack,* for appellant.
*Mr. Wayne E. Shawaker,* for appellee.

DEEDS, J.   This is an appeal from a judgment of the Court of Common Pleas sustaining a demurrer and dismissing the petition of plaintiff, appellant herein, on the ground that the action was barred by the two-year limitation within which actions for damage to personal property may be commenced.

It is alleged in the petition that the action grew out of an automobile collision occurring in Lucas County on June 13, 1950, in which collision one Crequi was also involved; that Crequi commenced an action against the defendant, appellee herein, Haggerty, in the Court of Common Pleas of Lucas County, involving the collision, being cause No. 173334 in that court, and on motion of defendant Haggerty, plaintiff Jacobs was made a party defendant in that action, and that thereafter on January 29, 1952, Jacobs filed an answer and cross-petition against the defendant in that action on account of damages growing out of the collision.   On the motion of defendant in that action, the answer and cross-petition of Jacobs were dismissed on October 16, 1952, for the reason that Ja-

cobs could not seek damages against the defendant in that action.

This action was instituted in the Court of Common Pleas by Jacobs on October 16, 1952, which was more than two years from the time the alleged right of action arose as a result of the collision on June 13, 1950.

The pertinent portion of Section 11233, General Code, is as follows:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date, and this provision applies to any claim asserted in any pleading by a defendant."

It is clear that the action was not determined upon the merits. In addition to the facts above referred to, the petition of the plaintiff Jacobs in the Court of Common Pleas alleges that the defendant operated an automobile on June 13, 1950, from a parking lot adjacent to a public street into the public street, which it is alleged was a main thoroughfare, without keeping a lookout and in such manner as to negligently cause a collision resulting in certain alleged damage to the plaintiff Jacobs. It appears from the petition that the answer and cross-petition dismissed by the court on motion of the defendant in cause No. 173334, was an attempt by the plaintiff Jacobs to assert his alleged right of action in that case, that the dismissal of the answer and cross-petition was not a determination on the merits, and that, therefore, the action here was timely commenced within the provisions of Section 11233, General Code.

This conclusion is in harmony with a number of

Ohio appellate decisions interpreting Section 11233, General Code, and is supported by the decisions of the Supreme Court of the state.

In *Greulich* v. *Monnin*, 142 Ohio St., 113, 50 N. E. (2d), 310, 149 A. L. R., 477, the first paragraph of the syllabus is as follows:

"Under the provisions of Section 11233, General Code, relating to the commencement of actions, in an action commenced, or attempted to be commenced, if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of such action at the date of failure, has expired, the plaintiff may commence a new action within one year after such date."

In the opinion of the court, written by Chief Justice Weygandt, a statement pertinent to an interpretation of the Code provision with a view to preserving to a litigant the opportunity for a hearing on the merits of his cause, on page 116, is as follows:

"But this court finds no basis for engrafting on this broad and unambiguous statute an implied exception that would produce the regrettable result of denying to some litigants the right to commence a new action after a previous one has failed otherwise than upon the merits. On the contrary, this court in the case of *Pittsburgh, C. C. & St. L. Ry. Co.* v. *Bemis*, 64 Ohio St., 26, 59 N. E., 745, held that this Section 11233, General Code, should be liberally construed in order that controversies shall be decided upon important substantive questions rather than upon technicalities of procedure."

In the case of *Leithauser, Admr.*, v. *Hartford Fire Ins. Co.* (C. C. A. 6), 124 F. (2d), 117 (Certiorari denied, 316 U. S., 663, 86 L. Ed., 1739, 62 S. Ct., 942), the federal court adopted the policy of a liberal construction of Section 11233, General Code, as had been established by the decisions of the appellate courts of Ohio.

We therefore find that the Court of Common Pleas was in error in sustaining the demurrer and dismissing plaintiff's petition. The judgment is, therefore, reversed and the cause is remanded to that court for further proceedings in accordance with this opinion.

*Judgment reversed.*

FESS and CONN, JJ., concur.