CERO REALTY CORPORATION, Plaintiff-Appellant, v. AMERICAN MANUFACTURERS MUTUAL INSURANCE CO., Defendant-Appellee.
CERO REALTY CORPORATION, Plaintiff-Appellant, v. ATLANTIC MUTUAL INSURANCE CO., Defendant-Appellee.
CERO REALTY CORPORATION, Plaintiff-Appellant, v. NATIONAL FIRE INSURANCE CO., Defendant-Appellee.
CERO REALTY CORPORATION, Plaintiff-Appellant, v. FEDERAL INSURANCE CO., Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 24836, 24837, 24838, 24839. Decided October 30, 1959.

Roemisch, Wright & Zimmerman, for plaintiff-appellant.
Arter, Hadden, Wykoff & Van Duzer, for defendant-appellee.

## OPINION

By KOVACHY, J.

These four causes are appeals on questions of law from judgments entered in the Court of Common Pleas of Cuyahoga County. The same question is involved in each case.

On February 9, 1956, plaintiff, Cero Realty Corporation, commenced a declaratory judgment action in the Court of Common Pleas of Cuya-

hoga County claiming damage to its premises due to a windstorm on February 11, 1955, and seeking recovery on policies of insurance issued by four different insurance companies, which, with other necessary parties, were jointly named parties defendant. Each of the four insurance companies demurred on the ground that it was improperly joined in one action. Each of the four demurrers was sustained on the ground of misjoinder of parties defendant. When the demurrers by the same four insurance companies to an amended petition were again sustained, the petition was dismissed without prejudice. This dismissal was on September 4, 1957. Thereafter, on August 28, 1958, the same being within one year of the dismissal of the original petition but more than a year after the accrual of the cause of action against the insurance companies, plaintiff filed four petitions, each containing the same causes of action alleged in the original petition and each naming one of the four insurance companies separately as party defendant. To each such petition demurrers were filed by the respective defendant insurance company on the ground that the plaintiff had failed to commence its action within one year of its claimed damage, as· required by their policies of insurance, and that the plaintiff could not avail itself of the saving clause of one year found in §2305.19 R. C., since it had voluntarily dismissed its original petition and was therefore barred from claiming that the action commenced therein had failed otherwise than on its merits. These demurrers were sustained and judgments entered thereon dismissing the petition in each of the four cases, and it is these judgments that are here appealed.

Plaintiff-appellant claims that the judgments entered by the trial court were erroneous for the reason that the record shows that it had failed in its original action otherwise than on the merits and it therefore had the right under §2305.19 R. C., to initiate new actions within a year of the failure of the original action. It says that it joined the four insurance companies in its original action as parties defendant to avoid a multiplicity of suits in the belief that the court in a declaratory judgment proceeding had the jurisdiction and power to adjudicate all issues involved in the controversy. When, however, the demurrers were sustained to its petition and again to its amended petition on the ground of misjoinder of parties defendant, it realized that it was impossible to proceed further in the action and decided to dismiss its petition and file separate petitions against each of the four defendant insurance companies to accord with the court's ruling in the matter. It contends that the dismissal of the original action by it rather than by the court in no way changed the basic fact that the action of the court caused its original single action to fail and required the filing of four new lawsuits and, since the action failed merely on a matter of procedure, it failed otherwise than on the merits.

Defendants maintain that a voluntary dismissal of an action by a plaintiff is a voluntary withdrawal of its cause of action and involves no action on the part of the court, and as a consequence cannot be considered a failure of such action otherwise than on the merits. They cite cases by the Supreme Court and Courts of Appeals of Ohio to sustain their position.

Siegfried v. Railroad Company (1893), 50 Oh St 294, 34 N. E. 331.

Buehrer v. Provident Mutual Life Insurance Company, 123 Oh St 264, 175 N. E. 25.

Moherman v. Nickels (1942), 140 Oh St 450, 45 N. E. 2d 405.

Grzywna v. Youngstown Municipal Ry. Co., 50 Abs 565, 80 N. E. 2d 438.

Parker v. The Central Manufacturers Mutual Insurance Company, 98 Oh Ap 169 (1953), 128 N. E. 2d 440.

We have reviewed these cases and they all follow the principle of law established in Siegfried v. Railroad Company, supra, in which the Supreme Court held that a dismissal of a case by the plaintiff involves no action of the court; it is a voluntary withdrawal of his case, and is not a failure of the action other than on the merits.

In the trial court, the defendants in the actions here numbered 24837 and 24838 also claimed, that plaintiff's action was filed more than one year after the voluntary dismissal of its petition and that such was an additional reason for sustaining their respective demurrers. However, these claims have been abandoned by the appellees in this court and therefore need no consideration on our part.

The part of §2305.19 R. C., pertinent to these cases reads:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *"

It follows that in order for a cause to come within its purview three factual elements must exist:

1. The action must have been commenced within the time limitations pertaining to it.

2. The action must have "failed otherwise than upon the merits."

3. The time limitation appertaining to the action must have expired when it so failed.

The original action by the Cero Realty Corporation had been commenced within the one year time limitation specified in each policy of insurance for bringing an action, and such time limitation had expired when the petition was dismissed. Did the original action fail otherwise than upon the merits, therefore, is the sole question before us.

Plaintiff relies, in the main, upon the case of Greulich v. Monnin, 142 Oh St 113, 50 N. E. 2d 310, for its position. The plaintiff in that case had obtained a judgment against an individual in a tort action. She then filed a new and separate action against an insurnce company that had issued a policy of liability insurance to the defendant, as formerly permitted under the statute, instead of simply filing a supplemental petition of the original action as provided by §9510-4 GC, in its amended form. When the insurance company filed a demurrer to her new petition, she discovered her mistake in instituting a separate suit. In the Supreme Court she maintained that the demurrer to her new petition was sustained and the petition dismissed by agreement and that her new and separate action against the company therefore failed otherwise than upon the merits. The company, however, insisted that there

was no agreement in connection with sustaining the demurrer. The journal was in general terms, simply showing that the demurrer was sustained and the petition dismissed. The supreme court upheld her contention that the petition failed otherwise than upon the merits, Chief Justice Weygandt saying on page 115:

"There is nothing to show that the plaintiff's cause was considered substantively on the merits. The plaintiff's chief difficulty was that her petition was mislabeled and misnumbered, thereby constituting a typical instance of failure otherwise than on the merits. * * * this court in the case of **Pittsburgh, C., C. and St. L. Ry. Co. v. Bemis, 64 Oh St 26,** 59 N. E., 745, held that this section, §11233 GC (now §2305.19 R. C.), should be liberally construed in order that controversies shall be decided upon important substantive questions rather than upon technicalities of procedure."

In analyzing that case, we see no distinction in principle between it and the instant cases. The new petition in the Greulich case failed on a question of procedure and the implication is clear that the plaintiff therein even consented to the demurrer being sustained when she realized that she was procedurally in error. Here the original petition also failed on a question of procedure. Here, also, the plaintiff realized its mistake. It, however, rather than the court, dismissed its petition. The plaintiff by its action simply conceded that the ruling of the court was proper and proceeded to take the steps necessary to carry out the court's mandate. If it had not so proceeded, it is evident under the circumstances that the court itself would have dismissed the petition and entered final judgment. We fail to see any difference in substance in the fact that the plaintiff voluntarily dismissed its action when the court by its action had determined that the proceeding as institued was improper and must fail. At the very most, a mere technicality of procedure was raised by the defendants in these cases which should not stand in the way of a litigant enjoying the right to commence a new action after a previous one had failed otherwise than on the merits. To do so would negate the clear intention of the legislature to dispose of controversies in the courts upon substantive law rather than upon procedural technicalities. This conclusion, we believe, comes within the spirit and logic of the statement of Judge Spear in **Pittsburgh, C., C. & St. L. Ry. v. Bemis, 64 Oh St 26,** 38, 59 N. E. 745, 748:

"On the other hand it seems quite apparent that the intention was to secure that class of suitors from loss, who, without laches or fault, but from causes incident to the administration of the law, are compelled to abandon a present action without a determination of its merits, **and give to such, without distinction, an opportunity in reasonable time within the statute, to renew such action.**" (Emphasis ours.)

Lowell, J., in 1 Lowell's Decisions (U. S. C. C. Mass.) 326, at page 328, with respect to a similar law in the state of Massachusetts said:

"The tendency of their (the supreme court of Massachusetts) decisions is to bring **all mistakes** which have defeated actions, independently of their merits, within the saving of the statute." (Emphasis ours.)

And it is stated in People, ex rel. Brewing Co., v. Lyman, 53 Appellate Division Reports, N. Y., 470, at page 473:

26

"'Merits' implies a consideration of substance, not of form; all legal right, not of mere defects of procedure or the technicalities thereof."
See,

Hizar v. Cowan, 51 Oh Ap 1, 199 N. E. '196.
Jacob v. Haggerty, 97 Oh Ap 553, 127 N. E. 2d 775.
Kimberlin v. Stoley, 49 Oh Ap 1, 194 N. E. 885.
Templeman v. Hester, 65 Oh Ap 62, 29 N. E. 2d 216.
34 O. Jur. 2d, 622.

It is our view, therefore, both on principle and on the weight of authority, that the original action filed by the Cero Realty Corporation failed otherwise than on the merits and that the trial court was in error when it sustained the demurrers to the new and separate actions filed by the plaintiff-appellant. The judgment in each of these cases is accordingly reversed and the cause remanded for further proceedings according to law.

Judgments reversed and causes remanded. Exceptions. Order see journal.

SKEEL, J, HURD, PJ, concur.