[Cite as *L.E. Lowry Ltd. Partnership v. R&R JV, L.L.C.*, 2022-Ohio-3109.]

## COURT OF APPEALS
## LICKING COUNTY, OHIO
## FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE L.E. LOWRY LIMITED PARTNERSHIP, | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| R&R JV LLC, et al., | : | Case No. 2021 CA 00105 |
| | : | |
| Defendants - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Licking County Court of Common Pleas, Case No. 2021 CV 00664

JUDGMENT:  Affirmed in Part; Reversed in Part

DATE OF JUDGMENT:  September 6, 2022

APPEARANCES:

For Plaintiff-Appellant

RICHARD T. RICKETTS
ANDREW C. CLARK
Ricketts & Clerk Co., LPA
50 Hill Road South
Pickerington, Ohio 43147

For Defendants-Appellees

GEORGE H. CARR
RICHARD T. CRAVEN
Sikora Law LLC
737 Bolivar Road, Suite 270
Cleveland, Ohio 44115

*Baldwin, J.*

**{¶1}** Appellant, The L.E. Lowry Limited Partnership, appeals the decision of the Licking County Court of Common Pleas dismissing its complaint for failure to state a claim for which relief may be granted pursuant to Civ. R. 12(B)(6). Appellees are R&R JV LLC, Ronald Sabatino, and P. Eugene D'Agostini.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** Appellant, L.E. Lowry Limited Partnership (Lowry) entered into an agreement with P. Eugene D'Agostini, "on behalf of an entity to be formed" for the purchase of a certain parcel of property. Lowry agreed to sell "all improvements, fixtures, appurtenant rights, privileges, and easements located in the County of Licking, and the State of Ohio known as: 493 Pike Street SW, Etna, Ohio 43062, being a vacant tract of land, containing 80.00 AC +/-, and more fully described as Licking County Auditors district and parcel number 010-017616-00.000 (the "Real Estate").

**{¶3}** The price and terms are described in the agreement:

The purchase price shall be $44,000.00 (Forty-Four Thousand Dollars and no cents), in cash, per usable acre, less any floodplain, rights of way, wetlands or easements adversely affecting the development of the property, however notwithstanding anything to the contrary, under no circumstance shall the final price be less than $3,388,000.00.

Payable as follows: Cash at closing.

(Complaint, Exhibit A, ¶¶ 1,2).

**{¶4}** The agreement contained references to an "intended" use of the parcel under the captions *Other Contingencies: Economic Incentives* and *Evidence of Title:*

Economic Incentives - Buyer shall work with the Etna Township and Licking County Economic Development to achieve a full range of economic incentives for the proposed development including Tax Abatement, TIF, and any other incentives

that will assist in the successful implementation and development of the *intended industrial park.* Buyer shall have an equal time period as referenced above in 4(c)1 above in which to achieve said incentive approvals. Seller must consent to the terms and provisions of the-documents it is requested to sign and/or-agreements for which the Real Estate shall be bound, provided however that its consent shall not be unreasonably withheld.

9. EVIDENCE OF TITLE: Seller shall furnish and pay for an owner's title insurance commitment and policy in the amount of the purchase price. The title evidence shall be certified to within thirty (30) days prior to closing with endorsement not before 8:00 a.m. on the business day prior to the date of closing, all in accordance with the standards of the Columbus Bar Association, and shall show in Seller marketable title in fee simple free and clear of all liens and encumbrances except: (a) those created by or assumed by Buyer (b) those specifically set forth in this contract: (c) zoning ordinances; (d) legal highways and (e) covenants, restrictions, conditions and easements of record that do not unreasonably interfere with present lawful use, (or *Buyer's intended use which is the development of an industrial park*). (Emphasis added.)

(Complaint, Exhibit A, ¶¶ 3,9)

**{¶5}** The parties modified the agreement three times and D'Agostini assigned his interest in the agreement to R&R JV, LLC. The third agreement contains the language that is relevant to this appeal. In the third addendum, added December 2020, the parties acknowledged that "* * * a dispute exists between the Seller and Buyers in respect of the "Usable" v "Unusable Acres" of the Real Estate as provided for in the Purchase Contract, as amended (the "3 Acre Dispute") and that "the Seller and Buyers wish to address the handling of

the 3 Acre Dispute and close on the Real Estate in accordance with the terms provided for herein." The portions of the addendum relevant to the appeal state:

> 2. On or before, December 21, 2020, the parties agree they will proceed to close the transaction for the Real Estate on the economic terms and conditions set forth in the Closing Statement attached hereto as Exhibit A, provided however that each of the parties hereto expressly acknowledges that there is and shall be a full reservation of rights by all parties as to all matters relating to the 3 Acre Dispute and the amount owed by the Buyer to the Seller, if any, relating thereto.
>
> 3. The Seller's agree that, within three (3) months of the closing of the transaction for the Real Estate, it shall either commence suit as to the 3 Acre Dispute or will have wholly waived any claims relating thereto.

**{¶6}** The agreement does not provide any further detail regarding the nature of the dispute, identification of the three acres in dispute, or the position of the parties regarding what amount, if any, was due for the disputed acreage. Further, neither the original agreement nor any of the addenda provide the parameters for identifying unusable acreage or if the duty to identify that acreage is assigned to the buyer or the seller.

**{¶7}** The parties closed the transaction on December 18, 2020 without resolving the dispute regarding the usable acreage.

**{¶8}** Lowry filed a complaint in Fairfield County Court of Common Pleas on March 18, 2021 presumably seeking a resolution of the "Three Acre Dispute." On August 3, 2021 Lowry dismissed the complaint in Fairfield County pursuant to Civ. R. 41 and filed a complaint in the Licking County Court of Common Pleas on the same date. (Complaint, ¶ 36). R&R moved to dismiss the complaint pursuant to Civ.R. 12(B)(6) alleging that the complaint was untimely, that Lowry failed to join indispensable parties and that Lowry failed to state a claim for which relief may be granted.

**{¶9}** The trial court granted the motion to dismiss finding that the complaint was untimely because the Savings Statute, R.C. 2305.19, was not applicable to a contractually created time limit. The trial court also found that Lowry's complaint failed to state a claim for which relief may be granted.

**{¶10}** Lowry filed an appeal and submitted two assignments of error:

**{¶11}** "I. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S COMPLAINT PREMISED UPON A CONCLUSION THAT THE COMPLAINT WAS UNTIMELY."

**{¶12}** "II. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S COMPLAINT PREMISED UPON A CONCLUSION THAT THE COMPLAINT FAILED TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED."

## STANDARD OF REVIEW

**{¶13}** Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

**{¶14}** A trial court should dismiss a complaint for failure to state a claim on which relief can be granted pursuant to Civ.R. 12(B)(6) only when it appears:

"beyond doubt * * * that the [plaintiff] can prove no set of facts warranting relief." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 248, 673 N.E.2d 1281. The court may look only to the complaint itself, and no evidence or allegation outside the complaint, when ruling on a Civ.R. 12(B)(6) motion. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 680 N.E.2d

985. Nevertheless, the court may consider material incorporated in the complaint as part of the complaint. *State ex rel. Keller v. Cox* (1999), 85 Ohio St.3d 279, 707 N.E.2d 931."

*Wolff v. Dunning Motor Sales*, 5th Dist. Guernsey No. 20CA000011, 2021-Ohio-740, ¶¶ 31-32.

{¶15} The Supreme Court of Ohio has clarified the standard of review in the context of a request for declaratory judgment. The court confirmed that an abuse of discretion standard applies to dismissals of declaratory judgment actions as not justiciable in *Arnott v. Arnott,* 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586. In *Arnott,* the Supreme Court affirmed the decision of the Fourth District Court of Appeals, who found that:

For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." *Stewart v. Stewart* (1999), 134 Ohio App.3d 556, 558, 731 N.E.2d 743, quoting *State v. Stambaugh* (1987), 34 Ohio St.3d 34, 38, 517 N.E.2d 526. "[I]n order for a justiciable question to exist, '[t]he danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events * * * and the threat to his position must be actual and genuine and not merely possible or remote.' " *Mid–American,* 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, at ¶ 9, quoting *League for Preservation of Civ. Rights v. Cincinnati* (1940), 64 Ohio App. 195, 197, 17 O.O. 424, 28 N.E.2d 660. Thus, "[i]nherent in determining whether a complaint sets forth a justiciable issue is the question of ripeness." *Thomson v. Ohio Dept. of Rehab. & Corr.,* Franklin App. No. 09AP–782, 2010-Ohio-416, 2010 WL 438138, at ¶ 10.

*In re Arnott,* 4th Dist. No. 09CA25, 190 Ohio App.3d 493, 2010-Ohio-5392, 942 N.E.2d 1124, ¶¶ 22-*23 aff'd sub nom. Arnott v. Arnott,* 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586.

**{¶16}** Thus, to the extent the trial court's dismissal of the request for declaratory judgment relies upon a finding regarding justiciability, we apply an abuse of discretion standard of review.

## ANALYSIS

## I.

**{¶17}** In its first assignment of error, Lowry contends the trial court erred in dismissing Plaintiff's Complaint premised upon a conclusion that the Complaint was untimely. In resolving this assignment of error, we must determine whether the Savings Statute, R.C. 2305.19 applies to statutes of limitation that are created by the parties through a contract and whether the facts in this case show that the litigation was not properly commenced, taking it outside the application of the Savings Statute.

**{¶18}** The parties concede addendum number three to the contract included a provision that modified the applicable statute of limitations regarding any claim related to the dispute of the usable/unusable portion of the parcel at issue and the price to be calculated as a result of that determination. The modified time limit and the parameters of the rights preserved was described in paragraphs two and three of the third addendum:

> 2. On or before, December 21, 2020, the parties agree they will proceed to close the transaction for the Real Estate on the economic terms and conditions set forth in the Closing Statement attached hereto as Exhibit A, provided however that each of the parties hereto expressly acknowledges that there is and shall be a full reservation of rights by all parties as to all matters relating to the 3 Acre Dispute and the amount owed by the Buyer to the Seller, if any, relating thereto.

3. The Seller's agree that, within three (3) months of the closing of the transaction for the Real Estate, it shall either commence suit as to the 3 Acre Dispute or will have wholly waived any claims relating thereto.

**{¶19}** Lowry filed a complaint on March 18, 2021 precisely 3 months after the closing of December 18, 2020. R&R asserted a venue challenge pursuant to Civ.R 12 as well as other Civ.R 12 defenses in the Fairfield County action. Consequently, we conclude that the complaint was filed, summons was issued and service on the appellee was obtained as they entered an appearance and filed their challenge, so the Fairfield County complaint was timely commenced. (Civ.R. 3(A)).  Lowry dismissed the complaint in Fairfield County on August 3, 2021 and filed the complaint currently before this court simultaneously in the Licking County Court of Common Pleas.

**{¶20}** R&R moved to dismiss the complaint as untimely, asserting that the filing of the complaint Fairfield County did nothing to extend the contractually created statute of limitations of three months and argued, in a footnote, that the Savings Statute does not apply to contractual limitation periods

**{¶21}** The trial court found that the Savings Statute did not apply to the contractually created statute of limitations:

A contractual time limitation memorializes the parties' agreement to commence a lawsuit within a certain timeframe, thus, avoiding drawn out litigation in a more nebulous timeframe for the interested parties if a timeframe is not explicitly provided for in contract. To find that the Savings Statute applies to an explicit contractual time limitation may contravene the parties agreed upon intentions. The reasonable contractual time limit within the Third Addendum to the Purchase Contract placed the parties on equal footing, and while the time limit in application to this case precludes that disposition on the merits, such preclusion

was apparent to all involved and provided reasonable finality to litigation involving that three-acre dispute.

**{¶22}** In support of its holding, the trial court referenced the concurrence in *Davis v. Allstate Ins. Co.,* 10th Dist. Franklin No. 02AP-1322, 2003-Ohio-4186, ¶ 22 where Judge Klatt concluded "furthermore, because the two year limitations at issue here arose by contract, not by statute, R. C. 2309.19, the Savings Statute, has no application." With all due respect to Judge Klatt, the concurrence is not binding on this court, nor does the judge provide any insight as to the rational for his concurrence. Furthermore, the majority opinion in *Davis* did not address the application of the Savings Statute. Consequently, we find ourselves not bound to follow Judge Klatt's ruling.

**{¶23}** Instead, we feel that we are bound by the pronouncement of the Supreme Court of Ohio interpreting the predecessor to R. C. 2305.19: "This saving provision is not nullified by a limitation in an insurance policy that no action shall be maintained against the insurance company in any event unless brought within twelve months after such loss shall be ascertained." *Greulich v. Monnin,* 142 Ohio St. 113, 50 N.E.2d 310 (1943).  In that case the plaintiff's complaint failed otherwise upon the merits and was refiled outside of the one year time limit contained within the contract. The defendant contended that the Savings Statute was "wholly ineffective in the face of the one year provision in the policy." The court responded that:

> But this court finds no basis for engrafting on this broad and unambiguous statute an implied exception that would produce the regrettable result of denying to some litigants the right to commence a new action after a previous one has failed otherwise than upon the merits. On the contrary, this court in the case of *Pittsburgh, C., C. & St. L. Ry. Co. v. Bemis*, 64 Ohio St. 26, 59 N.E. 745, held that this Section 11233, General Code, should be liberally construed in order that controversies shall be decided upon important substantive questions rather than upon technicalities of procedure.

*Id.* at 116.

**{¶24}** The Eighth District Court of Appeals applied R. C. 2305.19 to a case in which the complaint was filed within a one-year contractually established statute of limitations, and the complaint failed otherwise than upon the merits. The defendants sought and received dismissal of the case based upon the statute of limitations claiming that plaintiff's complaint was not filed within the one year statute of limitations contained within the contract. The appellate court applied the Savings Statute and concluded "that the trial court was in error when it sustained the demurrers to the new and separate action filed by the plaintiff appellant." *Cero Realty Corp. v. Am. Mfrs. Mut. Ins. Co.*, 110 Ohio App. 521, 526, 84 Ohio Law Abs. 22, 162 N.E.2d 151, 154 (8th Dist.1959), aff'd, 171 Ohio St. 82, 167 N.E.2d 774 (1960).

**{¶25}** We find, based upon the reasoning of *Cero* and *Greulich,* that the Savings Statute does apply to a statute of limitations created by contract.

**{¶26}** While the parties in this matter had the foresight to modify the statute of limitations to suit their purposes, they did not address the application of the Savings Statute and we cannot agree that the application of the Savings Statute to this contract "may interfere with their intentions." Instead we are compelled to conclude that the parties, represented by competent counsel, were aware of the workings of Civ.R 41 and the Savings Statute and, had they intended that the Savings Statute would not apply to their agreement, such a provision would have been included in the contract negating its application. Without an express provision changing the application of R. C. 2305.19, we will not impose one.

**{¶27}** For the foregoing reasons, we find the appellants first assignment of error to be well taken.

**II.**

**{¶28}** In its second assignment of error, Lowry states that the trial court erred by dismissing the complaint for failure to state a claim for which relief may be granted and argues

that the "[t]he Trial Court has refused to accept the truth of the allegations in the Complaint and has chosen to draw inferences in favor of the moving party, both of which violate the standard for reviewing a motion to dismiss under Civil Rule 12." (Appellant's Brief, p. 10).

**{¶29}** The trial court did hold that Lowry "failed to state a claim upon which relief court be granted. Dismissal of this case is appropriate pursuant to Civ.R. 12(B)(6)." (Judgment Entry, Nov. 23, 2021, p. 13). The trial court correctly noted that '[t]o dismiss a claim under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 326 (2007). When considering this motion in the context of Lowry's request for declaratory judgment, the trial court cited *Fioresi v. State Farm Mut. Auto. Ins. Co.,* 26 Ohio App.3d 203-204, 499 N.E.2d 5 (1st Dist.1985) for its holding that "there are only two reasons for dismissing a complaint for declaratory judgment pursuant to Civ.R 12(B)(6): (1) where there is no real controversy or justiciable issue between the parties, or (2) where the declaratory judgment will not terminate the uncertainty or controversy under R. C. 2721.07." (Judgment entry, Nov. 23, 2021, p. 8). This court has also found that "to state a claim for declaratory judgment, appellant must allege facts to show 'speedy relief is necessary to preserve the rights of the parties.'" *Bunting v. Watts,* 5th Dist. Stark No. 2018CA00065, 2018-Ohio-3357, ¶ 19 quoting *Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 97, 296 N.E.2d 261 (1973). Consequently, we find failure to allege facts showing that speedy relief is necessary to preserve the rights of the parties is a third basis for dismissing a complaint for declaratory judgment.

**{¶30}** While the trial court concluded that the complaint was dismissed pursuant to Civ.R. 12(B)(6) and it recognized the limited bases for dismissing the request for declaratory judgment, the trial court did not cite any of the three reasons we have listed as the rational for dismissal. Instead the court analyzed the allegations of the complaint and the agreement attached to the complaint and interpreted the contract in favor of R&R in Counts One through Three, the Counts

in which Lowry described its request for declaratory judgment. The trial court concluded "that there is no real controversy between the parties, because the language in the contract is clear and unambiguous. The declaratory judgment that Plaintiff seeks contradicts the agreements that the parties entered." (Judgment entry, Nov. 23, 2021, p. 12).

{¶31} We find that the complaint does describe a real controversy between the parties regarding the value of the three acres in dispute. Lowry and R&R do have adverse legal interests regarding whether R&R is obligated to pay Lowry $44,000.00 per acre for the three acres that is the subject of the dispute. However, we also find that Lowry has not alleged facts that would support a conclusion that "speedy relief is necessary to the preservation of rights which may otherwise be impaired or lost. (Paragraph two of the syllabus in *American Life & Accident Ins. Co. v. Jones,* 152 Ohio St. 287, 89 N.E.2d 301, followed.)" *Burger Brewing Co. v. Liquor Control Commission, Dept. of Liquor Control*, 34 Ohio St.2d 93, 296 N.E.2d 261, ¶ 1 of syllabus. Lowry is not faced with the "threat of irreparable injury" in the absence of a ruling in its favor and "speedy relief is not necessary for the preservation of its rights." *Armatas v. Aultman Health Found,* 5th Dist. Stark No. 2016CA00130, 2016-Ohio-7316, ¶ 17. Lowry's complaint does not allege an actual present need for declaration or allege any rights it may lose as a result of a delay in procuring judicial review.

{¶32} Because the Complaint does not include an allegation citing the need for prompt relief to protect Appellant's rights, we find that Appellant has not set forth the necessary elements of a declaratory judgment action, and for this reason the trial court reached the correct result in dismissing Counts One through Three seeking declaratory judgment. *Mansfield Plumbing Products LLC v. Estate of Sparks*, 5th Dist. Richland No. 2004-CA-0094, 2005-Ohio-3121, ¶¶ 17-18.

{¶33} The Fourth Count of the complaint, alleging breach of contract, was dismissed by the trial court as failing to state a claim for which relief may be granted "because the claim arises from Counts One through Three." (Judgment entry, Nov. 23, 2021, p. 12).

{¶34}  Lowry alleged in Count Four of the Complaint that:

66. The Purchase Contract is a valid and enforceable contract between the parties.

67. Defendants breached the Purchase Contract by failing or refusing to pay the full purchase price as determined by the Price Calculation.

68. Defendants breached the Purchase Contract by paying only the Minimum Price despite failing or refusing to provide documentation substantiating the alleged un-usability of 3 full acres.

69. Defendants breached the Purchase Contract by failing or refusing to analyze the usability of the acreage within the context of the set-backs that were anticipated at the time the of formation of the Purchase Contract.

70. Defendants breached the Purchase Contract by failing or refusing to analyze the usability of the acreage within the limited context of the Intended Use.

71. Defendants breached the Purchase Contract by unilaterally changing the Intended Use for purposes of evaluating the usability of the acreage.

72. At all times relevant to this action, Plaintiff has substantially performed all of its obligations under the Purchase Contract.

{¶35}  Count Four of the Complaint does not allege a failure to provide evidence of usable or unusable acres prior to closing, but only that R&R failed or refused to pay the full purchase price as determined by the Price calculation and that it breached the Purchase Contract by paying only the Minimum Price despite failing or refusing to provide documentation substantiating the alleged un-usability of three acres.  The dispute regarding the usability of the three acres was not resolved by the dismissal of the Counts seeking declaratory judgment and the contract does not assign the burden of proving usability to either party, nor does it describe what evidence must be considered or the time frame within which the character of the property should be reviewed.  The contract neither prevents nor obligates the parties to consider the reference to intended use as some evidence regarding usability, nor does it mandate when the usability of the property must

be determined.   While we have found those issues are not appropriately the subject of a declaratory judgment action due to lack of the need for speedy relief to protect the rights of the parties, we cannot agree that Count Four should be dismissed as failing to state a claim for which relief may be granted.   If we accept all factual allegations of the complaint as true and all reasonable inferences are drawn in favor of Lowry, we cannot conclude that it is "beyond doubt * * * that the [plaintiff] can prove no set of facts warranting relief" for breach of the purchase agreement. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 248, 673 N.E.2d 1281.

**{¶36}**  Lowry's second assignment of error is denied with regard to Counts One through Three, but granted with regard to Count Four.

**{¶37}**  The trial court's judgment dismissing Counts One through Three of the complaint is affirmed for the reason that Lowry has failed to allege facts that would support a finding that speedy relief is necessary to protect its rights and therefor, a claim for Declaratory Judgment has not been properly stated.  The trial court's judgment that the savings statute does not apply in this case is reversed. Further, the trial court's dismissal of Count Four of the complaint is reversed and this matter is remanded to the trial court for further proceedings consisted with this opinion.

By: Baldwin, J.

Wise, Earle, P.J. and

Gwin, J. concur.