OPINION
{¶ 1} Plaintiff-appellant Mansfield Plumbing Products, LLC appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which dismissed appellant's action for declaratory judgment, finding it lacked subject matter jurisdiction. Appellees herein are the Estate of Clarence W. Sparks and Ladonna Sparks. Appellant assigns a single error to the trial court:
 {¶ 2} "I. The trial court erred by granting appellees, the estate of Clarence W. Sparks and Ladonna K. Sparks (hereinafter collectively referred to as "appellees" and individually referred to as "Mr. Sparks or the estate of Mr. Sparks" and "Ms. Sparks" respectively) motion to dismiss pursuant to rule 12 (b)(1) of the ohio rules of civil procedure and dismissing appellant Mansfield Plumbing Products LLC's (hereinafter "mansfield plumbing products") complaint for declaratory judgment because the trial court does have subject matter jurisdiction."
 {¶ 3} Appellant's complaint alleged Ladonna Sparks and Clarence Sparks were married in Bellville, Ohio, on October 22, 1966. On December 15, 1998, the Domestic Relations Division of Richland County Court of Common Pleas granted the parties a divorce in Case No. 89-D-203. The divorce degree ordered decedent Clarence Sparks to pay appellee Ladonna Sparks alimony in the amount of $60.00 per week until she remarries, cohabits, or either party dies.
 {¶ 4} On October 2, 1991, appellee filed a motion for a show-cause order for failure to pay the alimony. In August, 2003, the Child Support Enforcement Agency sought an order to deduct the alimony payments from decedent's paycheck.
 {¶ 5} Appellant Mansfield Plumbing alleged its records contained documents in which the decedent represented he was not married, and referred to appellee Ladonna Sparks as his ex-wife.
 {¶ 6} On April 21, 2004, Clarence W. Sparks was involved in a fatal industrial accident at Mansfield Plumbing Products. Soon after decedent's death, appellee filed a claim with the Ohio Bureau of Workers' Compensation, seeking death benefits and alleging she and the decedent had formed a common-law marriage at some time subsequent to their divorce in 1989 and before common law marriage was abrogated.
 {¶ 7} Appellant's complaint alleged at the time it filed its declaratory judgment action the Ohio Bureau of Workers' Compensation and the Industrial Commission of Ohio had not issued a decision regarding appellee's claim.
 {¶ 8} Appellee Sparks filed an answer to the complaint in July 2004 and the estate of the decedent filed an answer on August 2, 2004. Thereafter, the appellees filed a joint motion to dismiss pursuant to Civ. R. 12 (B)(1), in which appellees asked the court to dismiss the case for lack of subject matter jurisdiction. The trial court did so, finding the matter belonged before the Ohio's Industrial Commission, and declaratory judgment is not appropriate to take a factual issue away from the Commission. The court found after the Industrial Commission issues a decision the parties will have the opportunity to litigate the factual issue in the Ashland County Common Pleas Court.
 {¶ 9} Pursuant to Civ. R. 12, a trial court should dismiss for lack of subject matter jurisdiction only if the complaint raises no cause of action cognizable by the forum, State ex rel.Bush v. Spurlock (1989), 42 Ohio St. 3d 77, 537 N.E. 2d 641. Because the matter involves a question law, this court reviews the issue de novo, Helfrich v. City of Patalaska, Licking App. No. 02-CA-38, 2003-Ohio-847.
 {¶ 10} Initially, in order to obtain declaratory relief, a plaintiff must establish: (1) A real controversy exists between the parties; (2) The controversy is justiciable; and (3) Speedy relief is necessary to preserve the rights of the parties, Haigv. Ohio State Board of Education (1992), 62 Ohio St. 3d 507,584 N.E. 2d 704; Berger Brewing Company v. Ohio Liquor ControlCommission (1973), 34 Ohio St. 2d 93, 63 OO2d 149,296 N.E. 2d 261. A proceeding for declaratory judgment must be based on an actual controversy, and does not lie to obtain an advisory opinion or answer an abstract question in a hypothetical situation. The dispute between the parties must be of sufficient immediacy and reality to warrant the issue of declaratory judgment, and the controversy must be ripe for review, R.A.S.Entertainment, Inc. v. Cleveland (1998), 130 Ohio App. 3d 125,719 N.E. 2d 641, citations deleted.
 {¶ 11} Mansfield Plumbing urges the trial court had jurisdiction to entertain its declaratory judgment action. R.C.2721.02 provides:
 {¶ 12} "Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."
 {¶ 13} Civ. R. 57 provides the existence of another adequate remedy does not preclude judgment for declaratory relief in cases where it is appropriate.
 {¶ 14} Mansfield Plumbing concedes the question of the legal relationship between appellee and decedent is progressing through the administrative system. Mansfield Plumbing argues the administrative decision will not only affect the outcome of the Workers' Compensation claim, but could affect a future intentional tort lawsuit. In addition, appellant Mansfield Plumbing suggests the losing party in the Industrial Commission Administrative System will appeal the matter to the common pleas court. The unsuccessful party will have to spend money and time through the entire administrative process, an appeal to the common pleas court and beyond when the issue could be decided once and for all in this declaratory judgment action.
 {¶ 15} The trial court found the parties must exhaust their administrative remedies before they can bring the issue to the common pleas court level, but the Ohio Supreme Court has held the failure to exhaust administrative remedies is not a jurisdictional defect to a declaratory judgment action, seeJones v. Village of Chagrin Falls, 77 Ohio St. 3d 456,1997-Ohio-253, 674 N.E. 2d 1388. Thus, the trial court was incorrect in dismissing the matter for the reason it stated.
 {¶ 16} Because we review the matter de novo, this court must examine the complaint to determine whether it states a claim. We find it does not.
 {¶ 17} Appellant's complaint sets forth an actual controversy of a justiciable nature between the parties. However, we find the complaint does not allege an actual present need for declaration or allege any rights Mansfield Plumbing may lose as a result of a delay in procuring judicial review. In fact, on the face of the complaint appellant concedes the matter is already proceeding through the administrative process. Appellants alleged "Ms. Sparks has and will continue to represent to the Ohio Bureau of Workers' Compensation and the Industrial Commission of Ohio at hearings in the near future that she and Mr. Sparks were married under the common law * * * Complaint, paragraph fifteen.
 {¶ 18} Appellant's complaint does not meet the third element for a declaratory judgment in that it does not allege the speedy relief afforded by a declaratory action is necessary to preserve whatever rights might be lost. We find the complaint does not set forth the elements of a declaratory judgment action, and for this reason, the trial court reached the correct result in dismissing the complaint.
 {¶ 19} The assignment of error is overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.