[Cite as *Wingate Farms Owners Assn. v. Sankarappa*, 2011-Ohio-6922.]

# COURT OF APPEALS
## DELAWARE COUNTY, OHIO
## FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| WINGATE FARMS OWNERS | : | Sheila G. Farmer, P.J. |
| ASSOCIATION | : | John W. Wise, J. |
| | : | Julie A. Edwards, J. |
| Plaintiff-Appellee / Cross-Appellant | : | |
| | : | Case No. 11-CAE-05-0041 |
| -vs- | : | |
| | : | |
| | : | O P I N I O N |
| SANKARSETTI K. SANKARAPPA, et al., | | |
| | | |
| Defendants-Appellants / Cross-Appellees | | |

CHARACTER OF PROCEEDING:     Civil Appeal from Delaware County
                             Court of Common Pleas Case No.
                             08-CV-1371

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      December 30, 2011

APPEARANCES:

For Plaintiff-Appellee /            For Defendants-Appellants /
Cross-Appellant                     Cross-Appellees

PAUL GIORGIANNI                     STEPHEN D. MARTIN
Giorgianni Law LLC                  DENNIS L. PERGRAM
1538 Arlington Avenue               Manos, Martin, Pergram &
Columbus, Ohio  43212-2710          Dietz Co., LPA
                                    50 North Sandusky Street
HENRY W. ECKHART                    Delaware, Ohio  43015-1926
1200 Chambers Road, #106
Columbus, Ohio  43212

*Edwards, J.*

{¶1}   Appellants/Cross-appellees, Sankarsetti and Manjula Sankarappa, appeal a judgment of the Delaware County Common Pleas Court entering declaratory judgment in their favor but failing to award attorney fees against appellee/cross-appellant Wingate Farms.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}   Appellee is a homeowners association of which appellants are members. Appellants have a barn on their property which had needed extensive repairs.

{¶3}   Appellee filed a complaint against appellants alleging that the barn was not in compliance with deed restrictions and seeking an injunction ordering appellants to remove the barn and an injunction ordering appellants to stop the replacement or repair of the barn.  This complaint also sought $25,000.00 in damages, a lien on the property and attorney fees.

{¶4}   Appellee next filed a first amended complaint, raising the same causes of action but noting that appellants proceeded to work on the roof of the barn despite their failure to obtain appellee's approval of the plan.  Appellee did not however seek a temporary injunction to prevent further work on the barn.

{¶5}   Appellants then filed a counterclaim seeking a declaration that deed restrictions 8.01, 8.03, 8.04, 8.05, 8.07, 8.11 and 8.15 do not apply to their property, a declaration that restrictions 8.03 through 8.06 do not apply to repair of existing buildings, and a declaration that restriction 8.04 is invalid and unenforceable as against public policy.  Appellants also requested attorney fees.

{¶6} Appellee filed a second amended complaint which raised the same causes of action raised earlier except that count three, asking for a lien on the property, was removed.

{¶7} Finally, on May 12, 2009, appellee filed its final complaint, a third amended complaint, alleging that both the barn and residence are in violation of the deed restrictions. The complaint sought an injunction requiring appellants to remove the barn or bring it into compliance with deed restrictions, an injunction requiring appellants to bring the residence into compliance, and a finding that appellants have breached the deed restrictions and appellee is therefore entitled to attorney fees.

{¶8} Appellants filed an answer and counterclaim on May 26, 2009. The counterclaim raised the same claims raised in the earlier counterclaim.

{¶9} Appellants moved for partial summary judgment on the complaint and on count three of their counterclaim. They also moved for summary judgment on the claim for injunctive relief, arguing it was moot because the barn had been brought into compliance.

{¶10} Appellee responded by withdrawing their prayer for injunctive relief on counts one and two of their complaint regarding noncompliance of the house and barn. However, appellee did not withdraw the substantive allegations supporting counts one and two, regarding violation of the deed restrictions, because they intended to show that appellants violated the deed restrictions in support of the claim for attorney fees.

{¶11} On April 6, 2011, the trial court granted appellant's motion for summary judgment and entered declaratory judgment finding article 8.04 of the deed restrictions to be invalid and unenforceable as against public policy. The court dismissed counts

one and two of appellants' counterclaim and dismissed appellee's entire complaint. The court held that each party should pay their own attorney fees. Appellants assign one error on appeal:

{¶12} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENTERING A JUDGMENT RULING THAT EACH PARTY SHALL PAY THEIR OWN ATTORNEY FEES, NOTWITHSTANDING THAT THE SUBJECT DEED RESTRICTIONS BEFORE THE TRIAL COURT PROVIDED THAT THE UNSUCCESSFUL PARTY OR PARTIES SHALL PAY THE ATTORNEY FEES OF THE PREVAILING PARTY OR PARTIES."

{¶13} Appellee assigns three errors on cross-appeal:

{¶14} "I. THE TRIAL COURT ERRED BY ENTERING SUMMARY JUDGMENT DECLARING DEED RESTRICTION 8.04 UNENFORCEABLE.

{¶15} "II. THE TRIAL COURT ERRED BY OVERRULING CROSS-APPELLANT'S MOTION TO VACATE THE SUMMARY JUDGMENT DECLARING DEED RESTRICTION 8.04 UNENFORCEABLE.

{¶16} "III. THE TRIAL COURT ERRED TO THE EXTENT IT ENTERED SUMMARY JUDGMENT DECLARING OTHER DEED RESTRICTIONS UNENFORCEABLE."

I

{¶17} Appellants argue that the court erred in overruling their motion for attorney fees. They argue that they were entitled to fees under article 9.03 of the deed restrictions which provides:

**{¶18}** "In any legal or equitable proceedings for the enforcement of the provisions of these Restrictions, the unsuccessful party or parties shall pay the attorneys' fees of the prevailing party or parties, in such amount as may be affixed by the Court in such proceedings. All remedies provided herein or at law or in equity shall be cumulative and not exclusive."

**{¶19}** R.C. 2721.16(A) bars attorney fees in declaratory judgment actions except in specific instances, none of which are applicable to this case:

**{¶20}** "(A)(1) A court of record shall not award attorney's fees to any party on a claim or proceeding for declaratory relief under this chapter unless any of the following applies:

**{¶21}** "(a) A section of the Revised Code explicitly authorizes a court of record to award attorney's fees on a claim for declaratory relief under this chapter.

**{¶22}** "(b) An award of attorney's fees is authorized by section 2323.51 of the Revised Code, by the Civil Rules, or by an award of punitive or exemplary damages against the party ordered to pay attorney's fees.

**{¶23}** "(c) Regardless of whether a claim for declaratory relief is granted under this chapter, a court of record awards attorney's fees to a fiduciary, beneficiary, or other interested party, the attorney's fees are to be paid out of trust property, estate property, or other property that is the subject of a fiduciary relationship and that is involved in that claim or proceeding for declaratory relief, and the attorney's fees are awarded in accordance with equitable principles that permit recovery of attorney's fees incurred for services that are beneficial to the trust or estate."

**{¶24}** This Court has previously held that this statute bars an award of attorney fees in a declaratory judgment action even when a contract provision provides for an award of fees to the prevailing party. *Stark Commons, Ltd. v. Landry's Seafood House*, Stark App. No. 2008CA00206, 2009-Ohio-3847.

**{¶25}** However, appellants argue that they were the prevailing party on parts of the action that did not involve declaratory judgment. The trial court only disposed of appellants' claim for declaratory judgment, count three of the counterclaim, on the merits. All other claims and counterclaims were resolved on the basis of the trial court's declaratory judgment. We therefore find that this proceeding was a proceeding for declaratory relief within the meaning of R.C. 2721.16(A) and the court did not err in failing to award attorney fees.

**{¶26}** The assignment of error is overruled.

**{¶27}** We next address the assignments of error on cross-appeal.

I, II

**{¶28}** We address cross-appellant's first two assignments of error together, as the parties did in their brief. Both assignments address the propriety of the court's summary judgment declaring article 8.04 to be void as against public policy.

**{¶29}** Article 8.04 provides:

**{¶30}** "Approval shall be based, among other things, upon the effect of the location and use of improvements on neighboring property; and conformity of the plans and specifications to the purpose and general intent of these restrictions."

{¶31} The trial court found that the language of this restriction provided no standards by which a reviewing committee is to approve or disapprove the proposed improvements and provided no standards to be applied.

{¶32} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ. R. 56(C) which provides in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶33} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically

point to some evidence which demonstrates that the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶34} Cross-appellant first argues that the court erred in ruling on the declaratory judgment claim because the case was moot. Notwithstanding their failure to dismiss their complaint or to file a fourth amended complaint withdrawing certain claims, they argue that they had agreed to not pursue their claims against cross-appellees and had withdrawn their claims because the barn had been brought into compliance with the deed restrictions during the pendency of the lawsuit. Cross-appellant argues that because there was no case or controversy between the parties, the court's opinion is merely advisory.

{¶35} This Court has previously held that in order to obtain declaratory relief, the proceeding must be based on an actual controversy, and declaratory judgment does not lie to obtain an advisory opinion or answer an abstract question in a hypothetical situation. *Mansfield Plumbing Products LLC v. Estate of Sparks*, Richland App. No. 2004-CA-0094, 2005-Ohio-3121, ¶10.

{¶36} In the instant case, cross-appellant stated in its response to cross-appellees' motion for partial summary judgment that cross-appellant intended to withdraw its claims for relief on the first two counts of the complaint relating to their request for an injunction ordering the barn and residence to be brought into compliance or torn down. However, cross-appellant continued to seek a ruling from the court that

cross-appellees had violated the deed restrictions, in order to be entitled to attorney fees as the prevailing party in the action. Therefore, a case or controversy still existed between the parties related to cross-appellees' compliance with the deed restrictions and the enforceability of the deed restriction at issue was therefore, an issue between the parties. The trial court's decision was not advisory.

{¶37} Cross-appellant also argues that the trial court erred on the merits in finding the deed restriction unenforceable as vague and overbroad.

{¶38} The trial court relied on this Court's opinion in *D&N Development, Inc. v. Schrock* (March 29, 1990), Tuscarawas App. No. 89AP080066. In that case, the deed covenant in question provided:

{¶39} "2. No building shall be erected, placed, or altered on any lot until the construction plans and specifications and a plan showing the location of the structure have been approved by the architectural control committee as to quality of workmanship and materials, harmony of external design with existing structures, and as to location with respect to topography and finish grade elevation. Approval shall be obtained as provided in 2(b) herein.

{¶40} "(a) The architectural control committee is composed of Dale R. Waldemyer, 838 Boulevard, Dover, Ohio, Norma D. Waldemyer, 838 Boulevard, Dover, Ohio and the Service Director, City Building, Dover, Ohio. A majority of the committee may designate a representative to act for it. In the event of death or resignation of any member of the committee, the remaining members shall have full authority to designate a successor. Neither the members of the committee, nor its designated representative shall be entitled to any compensation for services performed pursuant to this covenant.

At any time, the then record owners of a majority of the lots shall have the power through a duly recorded written instrument to change the membership of the committee or to withdraw from the committee or restore to it any of its powers and duties.

{¶41} "(b) The committee's approval or disapproval as required in these covenants shall be in writing. In the event the committee, or its designated representatives, fails to approve or disapprove within 30 days after plans and specifications have been submitted to it, or in any event, if no suit to enjoin the construction has been commenced prior to the completion thereof, approval will not be required and the related covenants shall be deemed to have been fully complied with."

{¶42} We found that a restriction that does not give notice to the parties regarding the standards to which they must conform is void as contrary to public policy because such a restriction is too broad in scope, leaving too much control over the property vested in the hands of someone other than the owner of the property. Id. We accordingly found the above-cited deed covenant to be overly broad and vague, and therefore contrary to public policy and unenforceable. Id.

{¶43} The deed restriction in question is similarly vague, giving no real standards to which the homeowner must conform other than "the effect of the location and use of improvements on neighboring property; and conformity of the plans and specifications to the purpose and general intent of these restrictions." The restriction further provides that "other things" may be considered without delineating what such other things might be. Cross-appellant attempts to distinguish this case from *D&N* on the basis that cross-appellees had actual notice of what standards they were not complying with regarding the barn. However, cross-appellant presented no material of

evidentiary quality to the trial court regarding such notice and can therefore not now argue that the trial court erred in failing to find that cross-appellees had actual notice of the standards the association was attempting to apply.

{¶44} The first and second assignments of error are overruled.

III

{¶45} Cross-appellant argues that the trial court erred in finding deed restrictions 8.01, 8.02, 8.03, 8.05 and 8.06 unenforceable.

{¶46} The trial court made the following statement in its April 6, 2011 judgment entry:

{¶47} "The Court did not dismiss Plaintiff's Counts 1, 2 and 3 based upon mootness. The Court found that provision 8.04 was invalid and unenforceable and against public policy. Therefore, Defendants were granted declaratory judgment as to that provision, which was Count 3 of Sankarappas' Counterclaim. Accordingly, deed provisions 8.01, 8.02, 8.03, 8.05 and 8.06, which relate to the plan approval process as addressed in 8.04, were unenforceable. Based upon this finding, the Court concluded that injunctive and mandatory relief could not be granted, thus granting summary judgment in favor of Defendants as to the Counts 1 and 2 of Plaintiff's Third Amended Complaint. The Court further granted Defendants summary judgment as to Count 3, since Plaintiff should not be entitled to attorney fees in its efforts to enforce invalid or unenforceable deed restrictions."

{¶48} The court then went on to dismiss all counts of the complaint and counts one and two of the counterclaim based on its declaration that 8.04 is void and unenforceable. While the court perhaps should not have used the word "unenforceable"

relating to deed provisions 8.01, 8.02, 8.03, 8.05 and 8.06, we do not interpret the court's entry to find those provisions unenforceable at all times and in all circumstances. Rather, the court is explaining its conclusion that if article 8.04 is void, cross-appellant cannot prevail on its claims that cross-appellees did not comply with the plan approval process set forth in other sections of the deed restrictions. Cross-appellees specifically sought a declaration that articles 8.04, 8.03, 8.05, 8.06, 8.07, 8.11 and 8.15 were unforceable in counts one and two of the counterclaim and the trial court dismissed both of these counts of the counterclaim. Contra to cross-appellant's argument, the court did not declare any provision of the deed restrictions to be void and unenforceable except for article 8.04.

{¶49} The third assignment of error is overruled.

{¶50} The judgment of the Delaware County Common Pleas Court is affirmed. Costs of the appeal are to be paid by appellants/cross-appellees. Costs of the cross-appeal are to be paid by appellee/cross-appellant.


By: Edwards, J.

Wise, J. concur and

Farmer, P.J. concurs separately

_____

_____

_____

JUDGES

JAE/r0831

*Farmer, J., concurs separately*

{¶51}  Although I concur with the majority's disposition of appellants' assignment of error, I would not find that deed restriction 8.04 is against public policy or void and unenforceable.

_____

HON. SHEILA G. FARMER

[Cite as *Wingate Farms Owners Assn. v. Sankarappa*, 2011-Ohio-6922.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WINGATE FARMS OWNERS ASSOCIATION | : | |
| | : | |
| | : | |
| Plaintiff-Appellee / Cross-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SANKARSETTI K. SANKARAPPA, et al., | : | |
| | : | |
| Defendants-Appellants / Cross-Appellees | : | CASE NO. 11-CAE-05-0041 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed on the appeal are to be paid by appellants/cross-appellees. Costs assessed on the cross-appeal are to be paid by appellee/cross-appellant.

_____

_____

_____

JUDGES