[Cite as *State ex rel. Denz v. Matlack*, 2024-Ohio-1034.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, EX REL. PATIENCE G. DENZ, TRUSTEE OF THE PATIENCE G. DENZ AMENDED AND RESTATED TRUST AGREEMENT DATED JANUARY 27, 2021 | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| | Case No. 23 CAE 09 0051 |
| Relator-Appellant | |
| -vs- | O P I N I O N |
| DUANE MATLACK, et al. | |
| Respondents-Appellees | |

CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common Pleas, Case No. 22 CVH 060309

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    March 20, 2024

APPEARANCES:

For Relator-Appellant

DENNIS L. PERGRAM
STEPHEN D. MARTIN
MANOS, MARTIN & PERGRAM LPA
50 North Sandusky Street
Delaware, Ohio  43015-1926

For Respondent-Appellee Matlack

ARIC I. HOCHSTETTLER
COUNTY BD. OF COMMISSIONERS
91 North Sandusky Street, First Floor
P. O. Box 8006
Delaware, Ohio  43015

For Respondents Bd. and Zoning Insp.

MICHAEL J. VALENTINE
MELVIN J. DAVIS
REMINGER CO., LPA
200 Civic Center Drive, Suite 800
Columbus, Ohio  43215

For Appellees White and Kaylor

MICHAEL R. NEIMAN
175 South Third Street
Suite 200
Columbus, Ohio  43215

*Wise, J.*

{¶1} In this appeal, property owner, Patience C. Denz, Trustee of the Patience C. Denz Amended and Restated Trust Agreement dated January 27, 2021, appeals the decision of the Delaware County Court of Common Pleas denying her motion for summary judgment challenging the setback regulations of Harlem Township, the zoning permit granted to her adjoining property owners and an amendment to the restrictive covenant contained in a deed to the four lots in the Dun-Ridge Subdivision No.1, Westerville, Ohio. Appellees are adjoining property owners, Chad C. White and Jodi W. Kaylor, Matthew Kurz, the zoning inspector for Harlem Township, Delaware County, Ohio, the Board of Trustees of Harlem Township and Duane Matlack, Chief Building Inspector of the Delaware County Department of Building Safety.

## APPELLATE JURISDICTION

{¶2} As an initial matter, we find that the case meets the standards for a final appealable order under R.C. 2721.02(A). Denial of summary judgment in a declaratory judgment action where the trial court sets forth the rights and responsibilities of the parties in its denial of summary judgment is a final appealable order. *Muskingum Watershed Conservancy District v. Harper,* 5th Dist., Guernsey No. 16CA11, 2017-Ohio-1346, 90 N.E.3d 71, at ¶ 22. (Citations omitted).

{¶3} We also find that this claim for a declaratory judgment may be brought without determining whether appellant exhausted any of her potential administrative remedies. *Mansfield Plumbing Products LLC v. Estate of Sparks,* 5th Dist., Richland No. 2004CA-0094, 2005-Ohio-3121, ¶ 13.

**FACTS AND PROCEDURAL HISTORY**

*Dun-Ridge Subdivision No. 1*

{¶4} The Dun-Ridge Subdivision No. 1 (Dun-Ridge) is located in Harlem Township, Delaware County, Ohio. Ridgeview Drive is a private road recorded as such with the Delaware County Recorder and situated within Dun-Ridge. Lot owners within Dun-Ridge are obligated to maintain and repair the private roadway at their own cost and expense. Dun-Ridge is composed of four total lots. White and Kaylor own Lot No. 226, the Lewises own Lot No. 225, appellant owns Lot No. 227 and Andrews, Trustee owns Lot No. 228. The original deeds to the lots were recorded in 1969 along with the restrictions, easements and conditions. Delaware County Recorder, Vol. 343, pages 301-303. Dun-Ridge and Ridgeview Drive were formed prior to the enactment of the Harlem Township's Zoning Regulations in 1998.

{¶5} The original deeds for Dun-Ridge contained a restrictive covenant stating, in part: "No building shall be located on any lot nearer than 50 feet to the front lot line ..." In 2021, three of the four lot owners (75%) of Dun-Ridge amended the restrictive covenant to read 40 feet instead of 50 feet. "No building shall be located on any lot nearer than 40 feet to the front line, or nearer than 35 feet to any side lot line." The Amendment was recorded with the Delaware County Recorder on December 9, 2021.

{¶6} The record contains an email from appellant that she was advised of the amendment, did not oppose it, but did not sign the agreement amending the restrictive covenant to 40 feet front line. Due to the fact that the remaining owners composed seventy five percent of Dun-Ridge which is a majority of the subdivision, the signing lot owners did not seek out appellant's signature on the Amendment to the Restrictive

Covenant as it was not required pursuant to Paragraph 6 of the original Restrictive Covenant.

*Construction of Accessory Building by adjoining property owners*

**{¶7}** In September 2021, appellant's adjoining property owners, White and Kaylor, through their builder, applied to the Zoning Inspector of Harlem Township for a permit to construct an accessory building on their property – a "16' by 24' stand-alone garage". The permit was approved on September 21, 2021. Revisions were submitted to the building plans and the final building permit was approved.

**{¶8}** On October 4, 2021, Stephen Denz, spouse of Patience Denz, sent an email to the Zoning Inspector inquiring about the setback requirements for buildings constructed in Harlem Township and how they might apply to the White and Kaylor accessory building. In particular, Denz asked for guidance on the application of a "community standard" providing a 50-foot front setback requirement, inferring that Section 21.10 Set Back Regulations in the Harlem Township Zoning Resolution required 90 feet from the center line of adjoining roads. Denz further set forth his expectation that a variance for the White and Kaylor accessory building would be required.

**{¶9}** On October 11, 2021, the Zoning Inspector replied to the Denz inquiry by explaining that the White and Kaylor property, like the appellant's property, was located in Dun-Ridge that was created before the Harlem Township Zoning Resolution. Under Section 21.10, a Planned District with a private road, as Ridgeview Drive was listed, does not have a minimum setback requirement.[1] Under the Harlem Township Zoning

---

[1] The site plan for the White and Kaylor accessory building was later amended to allow for a setback of 50 feet from the front line of the property.

Resolution, the required setbacks are determined by the class of roads, being Class A, Class B, Class C, and Class P. The Zoning Resolution does not contain setback requirements for private roads designated as "Class P".  Ridgeview Drive in Dun-Ridge is classified as a private road.  As such, any road designated as a private road within Harlem Township is not subject to Township setback requirements under the Harlem Township Zoning Resolution.  The actual road at issue, Ridge View Court, is an adjacent road off the identified private road of Ridgeview Drive. Ridge View Court is not an identified road by Harlem Township for which a Township imposed setback would apply.

*Complaint for declaratory judgment, mandamus and injunction*

{¶10} On June 27, 2022, appellant filed a complaint containing seven counts. Named as defendants were the three owners of property on Ridge View Court, including White and Kaylor, the builder who applied for the permit, the zoning inspector, the Harlem Township Trustees and the building inspector.  The counts are itemized as follows:

Count I:         Declaratory Judgment Building Permit

Count II:        Mandamus Building Permit

Count III:       Declaratory Judgment – zoning resolution setback regulations

Count IV:       Declaratory Judgment – zoning permit

Count V:        Mandamus – zoning permit

Count VI:       Injunction

Count VII:      Declaratory Judgment – amendment to restrictive covenants

*Summary Judgments Ruling*

**{¶11}** On April 25, 2023, appellant filed a motion for summary judgment arguing that she was entitled to judgment as a matter of law on all claims. In May, 2023, appellees Board of Trustees of Harlem Township, Kurz, the zoning inspector, White and Kaylor and Matlack, Chief Building Official of Delaware County filed cross motions for summary judgment and responded to appellant's motion for summary judgment.

**{¶12}** On August 25, 2023, the trial court issued its sixteen-page judgment entry. The court denied the appellant's motion for summary judgment in its entirety and granted appellees' summary judgment motions. It also entered judgment as a matter of law to the non-moving parties – the builder of the accessory structure located on White and Kaylor's property and the three residents of Ridge View Court who signed the amendment to the restrictive covenant changing the setback requirement to forty feet.

**{¶13}** The trial court ruled that appellant lacked "standing" to seek a declaratory judgment pursuant to R.C. 2721.03. "Denz's complaint, motion and responses fail to allege how Defendants' acts and omissions caused her to suffer an injury that provides standing for her to seek declaratory relief from this Court." *Judgment Entry at 10.* On Count Seven*,* the trial court ruled that Denz failed to establish that she was entitled to judgment as a matter of law saying: "She [Denz] is unable to demonstrate the three neighbors did not comply with the procedure for amending the deed. ... Finally, she has not argued and cannot demonstrate that even if the proper procedure was not followed, the result was harm to her or her property." *Judgment Entry at 13.*

**{¶14}** Appellant timely appealed the trial court's judgment on the third, fourth and seventh claims for declaratory relief. Appellant argues two assignments of error as follows:

**ASSIGNMENTS OF ERROR**

**{¶15}** "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT CONSIDERING APPELLANT'S DECLARATORY JUDGMENT CLAIMS REGARDING THE MINIMUM SETBACK (JUDGMENT ENTRY, pg. 12).

**{¶16}** "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING SUMMARY JUDGMENT TO APPELLEES ON APPELLANT'S SEVENTH CLAIM FOR RELIEF (JUDGMENT ENTRY, pg. 13)."

**LAW AND ANALYSIS**

*Standard of Review*

**{¶17}** This matter is before this Court upon Motions for Summary Judgment pursuant to Civil Rule 56(C). Civil Rule 56(C) sets forth the standard of review for granting or denying a summary judgment motion and states in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

> No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulations, that reasonable minds can come to but one

conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed more strongly in the party's favor.

....

**{¶18}** The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on the material elements of the nonmoving party's claim. *Drescher v. Burt,* 75 Ohio St.3d 280, 292,1996-Ohio-104, 662 N.E.2d 264 (1996).  The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civil R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988); *Napier v. Ickes,* 5th Dist., Licking No. 2018CA00081, 2019-Ohio-2774, 140 N.E.3d 137, at ¶ 36.  When an appellate court reviews a summary judgment motion, the general standard of review is de novo. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

**{¶19}** The Ohio Supreme Court in *Arnott v. Arnott,* 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586 clarified the standard of review an appellate court must apply when reviewing a declaratory judgment matter.

...

[A]n appellate court reviewing a declaratory-judgment matter should apply an abuse-of-discretion standard in regard to the trial court's holding concerning the appropriateness of the case for declaratory judgment, i.e., the matter's justiciability, and should apply a de novo standard of review in

regard to the trial court's determination of legal issues in the case. *Id.* at ¶ 1.

**{¶20}** The *Arnott* Court explained the matter's justiciability – Whether there were grounds for proceeding on a declaratory-judgment action. *Id.* at ¶4. The Court concluded:

Our response to the question upon which this court ordered briefing is that the de novo standard of review is the proper standard for appellate review of purely legal issues that must be resolved after the trial court has decided that a complaint for declaratory judgment presents a justiciable question under R.C. Chapter 2721. *Id.* at ¶17.

**{¶21}** *Accord, L.E. Lowry Limited Partnership v. R&R JV LLC,* 5th Dist., Licking No. 2021 CA 00105, 2022-Ohio-3109, 195 N.E.3d 544, ¶¶ at 15-16 (holding that abuse of discretion is standard of review on a declaratory judgment that is dismissed for failure to state a claim under Civil R. 12(B)(6).

**{¶22}** In this case, the trial court found that appellant lacked standing to bring a declaratory judgment action on the Setback Regulations in the Harlem Township Zoning Resolution (Count III of appellant's complaint) and a declaration that the zoning permit issued to White and Kaylor was invalid (Count IV). In other words, the trial court found that because appellant failed to demonstrate that she suffered any injury, the declaratory judgment action filed by appellant did not present a justiciable question. Under the *Arnott* holding, the finding of no standing by the trial court would seem to imply a justiciable question. Justiciable means that a case is suitable for courts to hear and decide on the merits. *See Black's Law Dictionary,* 2d Ed. ("Proper to be examined in a court of law.").

{¶23} On the other hand, the Ohio Supreme Court has held that standing is a question of law, which is reviewed de novo. *Ohioans for Concealed Carry, Inc. v. Columbus,* 164 Ohio St.3d 291, 2020-Ohio-6724, 172 N.E.3d 935, ¶ 12 ("Whether appellants have established standing is a question of law, which we review de novo. *Moore* at ¶ 20, citing *Cuyahoga Cty. Bd. of Commrs. v. State,* 112 Ohio St. 3d 59, 2006-Ohio-6499, 888 N.E.2d 330, ¶ at 23."); *Mansfield Plumbing Products LLC v. Estate of Sparks, supra*, at ¶ 9.

{¶24} We will review appellant's assignment of error No. I under a de novo standard and determine whether the trial court erred in finding that appellant lacked standing to request an opinion on the Township's Zoning Resolution on setbacks and its application to the White and Taylor zoning permit for an accessory building on their property on the same evidence and standard as the trial court.

*Standing Under the Declaratory Judgment Act*

{¶25} R.C. 2721.03 [Declaratory Judgment Act] states, in pertinent part as follows:

Subject to division (B) of section 2721.02 of the Revised Code, any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise, may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract or franchise and obtain a declaration of rights, status, or other legal relations under it.

{¶26} Standing is a jurisdictional requirement. "It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 22 quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas,* 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973). Standing determines "whether a litigant is entitled to have a court determine the merits of the issues presented." *Moore v. Middletown,* 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, at ¶ 20 (Citations omitted).

{¶27} There are three prerequisites to declaratory relief – (1) a real controversy between the parties, (2) justiciability and (3) the necessity of speedy relief to preserve the parties' rights. *Ohioans for Concealed Carry*, *supra* at ¶ 30, citing *ProgressiveOhio.org, Inc.,* 139 Ohio St. 3d 520, 2014-Ohio-2382, 13 N.E.3d 110, at ¶ 19.

{¶28} Appellant appeals the trial court's finding of no standing on Count III - an interpretation of the Harlem Township Zoning Resolution Section 27.21 on setbacks. "Is the minimum setback 90 feet from the center of the road or 50 feet from the front line, or is there no minimum setback." *Appellant's brief at 4.* Appellant also appeals the trial court's finding of no standing on Count IV - whether the zoning permit issued to White and Kaylor is invalid because it does not match the description of the garage contained in the original application.

{¶29} The Ohio Supreme Court has held that to establish traditional, common-law standing, a party must show, at a minimum, that they have suffered "(1) an injury (2) that

is fairly traceable to the defendant's allegedly unlawful conduct and (3) is likely to be redressed by the requested relief. *Ohioans for Concealed Carry, supra,* at ¶ 12.

**{¶30}** In addition to standing under common law, standing may also be conferred by statute. *ProgressOhio.org., Inc.,* 131 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 110*,* at ¶ 17.

**{¶31}** Appellant argues that she has standing under R.C. 2721.03, the Declaratory Judgment Act, to seek a guidance on the Harlem Township Zoning Resolution regarding setbacks and to declare that the zoning permit issued to White and Kaylor is invalid. Appellant argues that she has standing under R.C. 2721.03 and, therefore, does not need to show that she has been injured or has suffered any particularized harm to bring these claims, a requirement for standing under common law. She contends that she is not required to claim any actual injury other than "the dispute between adjacent landowners as to the appropriate setback of Appellee's White and Kaylor's accessory building from appellant's property or whether there is not one*." Appellant's brief at 6.*

**{¶32}** We disagree. As the Ohio Supreme Court explained in *Ohioans for Concealed Carry:*

> [a]lthough a declaratory-judgment action generally contemplates that the action is brought before an injury-in-fact has occurred, a plaintiff must nonetheless demonstrate 'actual present harm or a significant possibility of future harm to justify preenforcement relief.' *Ohioans for Concealed Carry, supra,* at ¶ *32.* quoting *Peoples Rights Org., Inc. v. Columbus* 152 F.3d 522, 527 (6th Cir., 1998).

{¶33} In this case, appellant has failed to establish any injury caused by the appellees. The accessory building is solely built on the White and Kaylor property and does not infringe on any property interest of appellant. Appellant has not submitted any evidence that her adjoining property is somehow decreased in value because of the accessory building on appellee's adjoining lot. The accessory building on the White and Kaylor property does not in any way physically invade on appellant's property. So, too, it does not in any way hinder her ability to use her property. While she made some claim of running surface water on her property, she submitted no evidence in support of the allegation. *McPherson v. Kelsey,* 125 F.3d 989, 995-996 (6th Cir., 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."

{¶34} Appellant seizes on two cases in support of her position that she does not have to prove some "legally protected interest" under the Declaratory Judgment Act.

{¶35} In *Muskingum Watershed Conversancy District* [MWCD] *v. Harper, supra*, MWCD filed a complaint for declaratory judgment requesting a declaration that it had the authority to enter into leases related to the extraction of mineral rights and a declaration that its leases with proposed mineral lessors were enforceable. Defendants included nearby landowners and the Ohio Department of Natural Resources.

{¶36} The trial court granted MWCD's motion for judgment on the pleadings and denied the landowners' motion for summary judgment. The landowners appealed, arguing that declaratory judgment was not appropriate, given there was no current and actual controversy. *Id* at ¶ 16. The issue on appeal was not whether MWCD had standing by demonstrating an injury to a legally protected interest. Indeed, MWCD had a legally

protected interest in determining whether its authority as a political subdivision included entering into leases with mineral lessors.  The issue was simply whether there was an actual controversy. *Id.* at ¶ 18.

**{¶37}**  Under the unique circumstances where there was a "patent undercurrent of past and potential litigation" and where the landowners stated they intended to bring state actions challenging leases, this Court found an actual controversy.  It found no abuse of discretion in the trial court determination that declaratory judgment was an available remedy.  *Id.* at ¶ 19.

**{¶38}** Appellant's reliance on *MWCD* is misplaced because this Court never addressed the issue of standing.

**{¶39}** So too, *Moore v. Middletown, supra,* does not help appellant.  In *Moore,* adjacent landowners challenged the constitutionality of a municipal decision that rezoned property from low-density residential use to industrial use for the sole purpose of allowing a coke plant.

**{¶40}** In their complaint for declaratory judgment, the landowners alleged injury including drastic diminution of property values, and a taking of their private property.  In short, the landowners claimed a legally protected interest.

**{¶41}** The trial court dismissed the action on standing and the decision was affirmed by the 12th District Court of Appeals.  The Ohio Supreme Court accepted the landowners' discretionary appeal on the issue of standing. *Id.* at ¶ 22.

**{¶42}** In reversing the lower courts on the issue, the Court set out the constitutional minimum on standing:

To succeed in establishing standing, plaintiffs must show that they suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). These three factors – injury, causation, and redressability – constitute 'the irreducible constitutional minimum standing. *Id.* at 560, 112 S.Ct. 2130, 119 L.Ed.2d 351, *see also Sheward,* 86 Ohio St.3d at 469-470, 715 N.E.2d 1062. *Id.* at ¶ 22.

**{¶43}** While the *Moore* Court held that the owner of adjacent property has standing to challenge the constitutionality of a municipal ordinance that rezones property, that holding is not helpful to appellant. *Moore, supra* at ¶ 33. In this case, appellant merely disagrees with the setback classification found in the Harlem Township Zoning Resolution that a private road in a subdivision in place before the Zoning Resolution was enacted does not have a community-imposed setback. Appellant does not challenge the constitutionality of the Zoning Resolution or the powers of the zoning inspector to enforce and interpret the Resolution.

**{¶44}** So, too, appellant's claim that the White and Kaylor zoning permit is invalid because it does not contain an accurate description of the accessory building must fail. The Ohio Supreme Court has held that where a property owner has complied with all the legislative requirements for the procurement of a building permit and his proposed structure falls within the use classification of the area in which he proposes to build it, he has a right to such permit. There is a duty on the part of the officer charged therewith to issue it. *Gibson v. City of Oberlin,* 171 Ohio St.1, 5, 167 N.E.2d 651, 654 (1960).

**{¶45}** In her complaint, appellant argues that she is entitled to a declaratory judgment on this issue because of deficiencies in the zoning permit application such as whether the garage is one or two stories, alleged deficiency of the plot plan and the dimensions of the garage. The record demonstrates that such minor deficiencies have been corrected and appellant does not identify a legally protected interest that is affected by the zoning permit. *Rumpke Sanitary Landfill, Inc. v. State,* 128 Ohio St.3d 41, 2010-Ohio-6037, 941 N.E.2d 1161; *May v. Cincinnati Children Hosp. Med. Ctr.,* 1st Dist. Hamilton No. C-180610, 2020-Ohio-1471, 153 N.E.3d 866, at ¶ 36. Indeed, appellant cites no case authority in support of her position. Appellant's general disdain for the accessory building built solely on the White and Kaylor property with no evidence that it infringes somehow on her property rights or legally protected interests is not enough to secure standing.

*Appellant seeks an advisory opinion*

**{¶46}** The trial court properly held that appellant is not entitled to a declaratory judgment because she seeks nothing more than an advisory opinion. *Judgment Entry at 12.* Appellant is merely asking the trial court to give an opinion on whether the Harlem Township's Zoning Resolution on setbacks applies to the four properties in Dun-Ridge or not. Declaratory Judgment may not be used to solicit advisory opinions. *Mansfield Plumbing LLC v. Estate of Sparks, supra,* at ¶ (10) ("A proceeding for declaratory judgment must be based on an actual controversy, and does not lie to obtain an advisory opinion or answer an abstract question in a hypothetical situation."). Citing *R.A.S. Entertainment, Inc. v. Cleveland,* 130 Ohio App.3d 125, 719 N.E.2d 641, citations deleted.

**{¶47}** Ridgeview Drive, in Dun-Ridge, is classified a private road in the Harlem Township Zoning Resolution. It is a "Class P" road not subject to any Township required setback. *Section 21.10, Harlem Township Zoning Resolution*.

**{¶48}** So, too, the record amply demonstrates that Dun-Ridge and Ridgeview Drive existed before the Harlem Township Zoning Resolution was enacted in 1998. A private road that existed prior to the Zoning Resolution and which the Township doesn't maintain is not required to conform to later enacted Township zoning setbacks. B*urt Realty v. City of Columbus*, 21 Ohio St.2d 265, 257 N.E.2d 355(1970) (holding that location of buildings which antedated ordinance establishing building setback line was a use of land which was protected from conforming to that ordinance upon replacement of the building.)

**{¶49}** While appellant argues that a community setback requirement must apply to avoid residents building structures close to their neighbor's property, that allegation is not supported by the record. The setback requirements are established in the restrictive covenants and deed restrictions for lots in Dun-Ridge.

**{¶50}** Appellant's first assignment of error is overruled.

II

**{¶51}** In her second assignment of error, appellant claims that the trial court erred in failing to declare the amendment to the restrictive covenant invalid because she had no notice until after it was recorded with the Delaware County Recorder. Appellant claims that the three property owners who own lots in Dun-Ridge and signed the amendment to the setback required did so without authority. This claim is not directed to the Township

or its agents, but rather to the three property owners, White and Kaylor, the Lewises and the Andrew Trust.

**{¶52}** While the trial court, in a broad holding, found that appellant had no standing, it nevertheless proceeded to address the issue. We review the matter de novo and determine whether appellant is entitled to summary judgment and erred when it granted appellees' motion for summary judgment.

**{¶53}** Again, appellant makes this claim under R.C. 2721.03, the Declaratory Judgment Act. Therefore, she must demonstrate that she has suffered an injury that is fairly traceable to the defendant-property owners conduct and likely to be redressed by the requested relief. *Wilkins v. Village of Harrisburg,* 10th Dist., Franklin No. 14AP-1028, 2015-Ohio-5472, 56 N.E.3d 320, at ¶ 12; *Moore v. Middletown, supra,* at ¶ 22. The trial court found that appellant was not entitled to summary judgment as a matter of law. *Judgment Entry at 13.*

**{¶54}** We agree with the trial court. The Restrictive Covenant explicitly states the procedures to follow to amend the terms and conditions of the Restrictive Covenant.

**{¶55}** The Warranty Deed with its restrictive covenants is part of the record that was before the trial court. Indeed, it was attached to appellant's complaint. Paragraph six states that a majority of property owners are entitled to amend the restrictions "signed by a majority of the then owners of the lots" within Dun-Ridge. Three of the four owners of lots consented to amending the setback requirements from fifty feet to forty feet, and the Amendment was recorded with the Delaware County Recorder on December 9, 2021. There is nothing in the deed that requires notice to all property owners before an

amendment is effective.   Even so, the record demonstrates that appellant did receive notice of the amendment.   In an email from Denz to Kurz, he stated:

> Our neighbor has expressed an interest in seeking approval from the three neighbors to allow the construction of the garage within 40' of the front property line (to which my wife and I have verbally agreed). We are currently awaiting documentation of this variance from the deed restriction. (November, 2021 email from Denz to Kurz).

**{¶56}** Appellant has not provided any case law, evidence or other fact showing that she was in fact required to be provided notice prior to the recording of the Amendment to the Restrictive Covenant.

**{¶57}** The Amendment to the Restrictive Covenant was a valid amendment to the Restrictive Covenant pursuant to the terms of Paragraph 6.  It applies to all lots in Dun-Ridge and is not a variance, as appellant suggests.  Indeed, appellant fails to quote the amendment 1 which states: "No building on any lot nearer than 40 feet to the front line, or nearer to 35 feet to any side lot line."   Because the amendment applies to all owners of lots in Dun-Ridge, it is not a variance.

{¶58}  Appellant's second assignment of error is overruled.

{¶59}  For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.

By: Wise, J.

Delaney, P. J., and

Gwin, J., concur.

JWW/kt 0315